Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Jameson E. Gideon, OSB #202871
Email: jameson@elpnw.com
Patrick G. Conroy, OSB. #223806
Email: patrick@elpnw.com

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for Plaintiff Liani Reyna

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LIANI REYNA**, <br><br> Plaintiff, <br> v. <br><br> **CITY OF PORTLAND, a municipal corporation,** <br><br> Defendant. | Case No. 3:21-cv-01839-IM <br><br> **SECOND AMENDED COMPLAINT** <br><br> **Whistleblower Discrimination and Retaliation ORS 659A.199, 203; Discrimination Based on Sexual Orientation, Race, and *Quid Pro Quo* Sexual Harassment ORS 659A.030, Discrimination for Initiating a Civil Proceeding ORS 659A.230** <br><br> **Claim: $1,700,000** <br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff alleges as follows:

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## I.     INTRODUCTION.

1.

Liani Reyna ("Plaintiff") is an advocate for police reform and has engaged in making good faith allegations of discrimination and retaliation against her employer. Plaintiff also holds coworkers accountable by filing Internal Affairs ("IA") and IPR complaints when she has a good faith belief that policy is being violated.

2.

Plaintiff alleges that due to her efforts to reform her department through filing IA and Independent Police Review ("IPR") complaints along with tort claim notices and lawsuits, that she has been targeted and discriminated against.

3.

On or about June 26, 2019, Plaintiff retired from the City of Portland ("City") Portland Police Bureau ("PPB") and delivered a speech at her retirement ceremony describing acts of misconduct and discrimination she endured during her police career.

## II.     JURISDICTION AND VENUE.

4.     This Court has diversity jurisdiction over the parties in this matter because Defendant is municipality in the State of Oregon and Plaintiff is a resident of Florida, and the case in controversy exceeds $75,000 under 28 U.S.C. §1332.

5.     This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367 because those claims arise out of a common nucleus of operative fact occurring in this Judicial District.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

6.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c), because Defendant may be found in this District and Division and all of the events or omissions giving rise to Plaintiff's claims presented in this Complaint occurred in this District and Division.

7.      Plaintiff filed a discrimination complaint against Defendant with the Equal Employment Opportunities Commission ("EEOC") within the applicable statutory period concerning Plaintiff's claims arising under Title VII and received a right-to-sue letter on September 20, 2021.

8.      This Complaint is timely filed within ninety days of Plaintiff's receipt of the right-to-sue letter.

**III.    PARTIES.**

8.      Liani Reyna ("Plaintiff") was a resident of Tigard, Oregon during most of the material times. The plaintiff currently is a resident of Florida. Plaintiff was employed by the City of Portland ("Defendant" or "the City") from 1993, until her resignation on June 26, 2019. Plaintiff is currently employed with USA Volleyball as a Safe Sport Coordinator.

9.      At all material times, the City of Portland ("Defendant") is a municipality existing under the laws of the State of Oregon, with its PPB headquarters located at 1111 SW 2nd Avenue, Portland, Oregon. PPB is a subsidiary governmental branch under control of the City. PPB and Defendant are public employers.

**IV.    COMPLIANCE WITH ORS 30.75 – OREGON TORT CLAIMS NOTICE.**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

10.    Plaintiff has complied with the applicable notice requirements under ORS §30.275.

a.  On or about March 18, 2019, Plaintiff, provided a first written notice to Defendant regarding Discrimination and Retaliation on basis of sex, sexual orientation, race, national origin, whistleblowing, and disability based on The Civil Rights Act of 1964 (Title VII), Oregon Law (ORS §659A.030), and Constitutional rights (42 U.S.C. §§1981, 1983);

b.  On or about May 28, 2019, Plaintiff, provided a second written notice regarding Discrimination and Retaliation;

c.  On or about October 11, 2019, Plaintiff, provided a third written notice regarding Discrimination and Retaliation on basis of race, color, national origin, gender, disability, and sexual orientation based on The Civil Rights Act of 1964 (Title VII), Oregon Law (ORS §659A.030), and Constitutional rights (42 U.S.C. §§1981, 1983), defamation, slander, intentional infliction of emotional distress, and interference with economic relations.

d.  On or about April 2, 2021, Plaintiff, provided a fourth written notice regarding Discrimination and Retaliation under The Civil Rights Act of 1964 (Title VII), Oregon Law (ORS §659A.030), *Quid Pro Quo* Sexual Harassment and *Quid Pro Quo* Hostile Work Environment under The Civil Rights Act of 1964 (Title VII), Oregon Law (ORS §659A.030), and Oregon Constitutional rights.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## V.    FACTUAL ALLEGATIONS.

11.    In 1999, Liani Reyna ("Plaintiff") was selected as the first openly gay, Latina, and female member of an all-male PPB Special Emergency Reaction Team ("SERT").

12.    On or about July 23, 2002, Plaintiff filed a lawsuit in U.S District Court, Plaintiff v. City of Portland, Portland Police Bureau and Mark Kroeker, Civil Case No 02-980-JO.

13.    During her tenure at PPB, Plaintiff married another PPB employee, Sara Fox ("Fox"). Together they have a child. The relationship between Plaintiff and Fox ended in 2012.

14.    On or about April 3, 2018, the Oregonian newspaper ran a story titled, *Portland police sergeant honored for fighting sexism, discrimination.* This article reported that Plaintiff, who was the first woman member of SERT, was honored with a City award, "recognizing her fight against sexism and discrimination." Named the "WE Persist" award, it uses double capitalization in the name standing for the slogan, "Women's Empowerment."

15.    Speaking on the "WE Persist" award in the same Oregonian article, City employee, Debbie Caselton, said, "[Plaintiff] had to wrestle with a very difficult decision, come forward and report the inappropriate activity which could compromise her career, or remain silent and endure the behavior."

16.    On or about September 13, 2018, Plaintiff applied for promotion to lieutenant with PPB.

17.    On or about October 12, 2018, Plaintiff reviewed her personnel file at the PPB Personnel Division, discovering that former discipline, which should have been

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

expunged by order from former Chief of Police Rosie Sizer ("Sizer"), were still present in her personnel file. Furthermore, she discovered that the orders of expungement had also been removed.

18.     On information and belief, PPB had seventeen (17) candidates apply for the lieutenant position, including the Plaintiff. On information and belief, there were only two Latino command staff at PPB.

19.     On information and belief, PPB made an internal determination that the cut-off list for candidates' consideration should not exceed sixteen (16) candidates.

20.     As pretext for unlawful discrimination PPB made the cut-off list and placed Plaintiff as the seventeenth candidate removing her from consideration even though she was fully qualified.

21.     On information and belief, Plaintiff was the only gay Latina candidate for the lieutenant position.

22.     On or about November 4, 2018, Plaintiff was interviewed by the panel which included a retired PPB Captain and SERT team member against whom Plaintiff's first lawsuit alleged discrimination.

23.     On or about December 7, 2018, PPB notified Plaintiff that she had not passed the lieutenant's test.

24.     On information and belief, PPB relied upon expunged records when denying Plaintiff promotion to lieutenant.

25.     On information and belief, every lieutenant candidate received the promotion except for Plaintiff.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

26.     Unbeknownst to Plaintiff until another lawsuit was filed against Defendant in or around November 2020, those included in the sixteen (16) lieutenant candidate pool who received promotion included Sergeant David Michaelson ("Michaelson") who was engaged in a sexual relationship with Assistant PPB Chief Jami Resch ("Resch") who is also a former SERT commander.

27.     On information and belief, a majority of Michaelson's commendations relied upon in this promotion came from Resch.

28.     On information and belief, Michaelson was promoted instead of Plaintiff, even though Michaelson's supervisor opposed Michaelson's promotion due to his subpar performance but was ordered to write Michaelson's recommendation for Lieutenant.

29.     On or about March 19, 2019, the City's Senior Claims Analyst, Becky Chiao ("Chiao") sent acknowledgement of Plaintiff's tort claim notice and assigning it City claim number 2018-007911-29.

30.     On or about April 9, 2019, Plaintiff was accosted by two white male supervisors, Sergeant John Birkinbine ("Birkinbine"), and Sergeant Robert Simon ("Simon"). Birkinbine and Simon heard about Plaintiff's recent tort claim notice and demanded to know when she was retiring from PPB. Birkinbine and Simon intimated Plaintiff and implied that she should resign from PPB.

31.     On or about April 19, 2019, Bacigalupi authored an official memorandum instructing Plaintiff to appear for an internal affairs investigation on IPR case #2019-B-0022. Bacigalupi  publicly identified Plaintiff as the complainant.

32.     Bacigalupi memo was circulated to Plaintiff's managers and coworkers for

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

processing identifying and exposing Plaintiff to ridicule.

33.     On or about April 19, 2019, Scott Konczal ("Konczal") emailed Plaintiff a Portland Police Association ("PPA") Notice of Interview. In his email, Konczal again publicly identified Plaintiff as "Complainant," in an IA investigation identified as Case Number IPR 2019-B-0022.

34.     During the compelled interview which took place on or about May 7, 2019, Plaintiff was ordered to answer questions, under oath, about the basis for her recent tort claim notice filed against PPB on March 18, 2019. During the interview, Plaintiff had Daryl Turner ("Turner") present acting as her union representative. He objected to the interview, and said this is "unusual, unorthodox, and unethical" to compel an employee to discuss their tort claim notice against their employer.

35.     During the same compelled interview, Turner reported to the investigators that Fox had been using bureau resources to harass Plaintiff and indicated that the City would likely retaliate against Plaintiff for her testimony.

36.     On information and belief the City and PPB did not investigate the allegations Turner made against Fox.

37.     On or about May 7, 2019, the City and PPB compelled Plaintiff to appear for an IPR hearing on Case Number IPR 2019-B-0022. The allegations of misconduct were against Assistant Chief Ryan Lee ("Lee") and "unidentified PPB Command Staff." The City and PPB compelled Plaintiff to answer questions under oath about the basis for her service of a statutorily required Tort Claim Notice against PPB and the City of Portland on March 18, 2019.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

38.    Those in attendance of the IPR meeting included, Eric Berry ("Berry"), Lead Investigator for the Office of Portland City Auditor, IPR Investigator, Andrew Pease ("Pease"), Lieutenant Chris Gjovik ("Gjovik"), McKechnie, and Deputy City Attorney, Mark Amberg ("Amberg").

39.    During the hearing, McKechnie criticized Plaintiff for not filing an Administrative Rule 2.02 complaint against herself. During the hearing Plaintiff testified that she reported acts of retaliation and discrimination against her to two chiefs of police in part because they took no actions to address her complaints. Plaintiff also alleged harassment from Crebs, but having already retired, PPD declined to investigate.

40.    On or about May 28, 2019, Plaintiff served PPB a second tort claim notice citing this compelled interview and alleging a retaliatory reason for this IPR investigation and interview.

41.    On or about June 19, 2019, Plaintiff's attorney made a public records request for all documents including the investigative file, for PPB's declined administrative investigation of IA 2017-B-0033, Fox's second complaint against Plaintiff.

42.    Also on June 19, 2019, Plaintiff filed a complaint with IPR alleging Fox's continual on-duty and off-duty harassment of Plaintiff and for violations of City and PPB policies. Plaintiff filed the complaint against Fox, Rebecca McKechnie ("McKechnie"), Stacey Rovinelli ("Rovinelli") and James Gowin ("Gowin").

43.    Plaintiff requested IPR re-open a bullying and harassment complaint she filed against Fox previously on June 5, 2018, because Fox's conduct continued. IA investigators Gowin, Rovinelli, and McKechnie failed to investigate.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

44.    On or about June 19, 2019, Plaintiff received a copy of her electronic IA
Complaint and Commendation History. Numerous letters of commendation were
missing from the electronic history file, including:

      a.    An April 13, 2016, Letter of Commendation from Chief of Police Larry
O'Dea,

      b.    A November 1, 2016, Letter of Commendation from Commander Chris
Davis, and,

      c.    An April 4, 2018, "WE Persist" Award from the City of Portland.

      d.    The file failed to include records of the two expunged IA case numbers
that PPB has previously used as a basis for Day's disciplinary letter given to Plaintiff on
September 26, 2018.

45.    On or about June 20, 2019, Bureau of Human Resources ("BHR") employee,
Ron Zito ("Zito") acknowledged receipt of Plaintiff's complaint and forwarded it to his
supervisors, Michelle Cole ("Cole") and Cathy Bless ("Bless"). Plaintiff's supervisor,
Steinbronn, noted receipt of the complaint and forwarded it to Bacigalupi at internal
affairs.

46.    On or about June 25, 2019, Sergeant Pete Helzer ("Helzer") at IA acknowledged
receipt of Plaintiff's complaint and assigned it Case Number 2019-B-0039. Helzer told
Plaintiff she would receive a notice for that case number containing the latest
allegations against Fox to date.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

47.    On or about July 2, 2019, Bacigalupi notified Plaintiff he would not re-open the harassment complaint, violating City and PPB's mandatory domestic violence reporting requirements and PPB policy 825.00 Member Involved Domestic Violence.

48.    Plaintiff filed a supplemental misconduct complaint with IA Division and the City's Human Resource Bureau regarding allegations against Fox, Moore, Bell, and Bacigalupi. This complaint was intended to supplement Case Number IA 2019-B-0039. The IA complaint outlined serious allegations of misconduct including acts of discrimination, harassment, retaliation, untruthfulness, unsatisfactory work performance, and criminal conduct involving coercion, and child abuse. The IPR assigned case number IPR 2019-C-0215 to the complaint.

49.    On or about July 10, 2019, Helzer from IA sent Plaintiff an email notifying her the case was being referred to IPR. IPR then limited the scope of their investigation to Bell and Bacigalupi refusing to investigate other named parties.

50.    On or about July 11, 2019, Bacigalupi sent Plaintiff correspondence acknowledging her complaint related to the actions of Fox. Bacigalupi assigned it Case Number IA 2019-B-0039 and told Plaintiff the case would be investigated by investigator Rick Smith ("Smith").

51.    Bacigalupi did not investigate Plaintiff's July 9th supplemental misconduct complaint and declined to investigate Fox for violations of the PPB Truthfulness policy. Additionally, Bacigalupi declined to investigate Moore for misconduct.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

52.     On or about August 7, 2019, Plaintiff received a disposition letter from Konczal at IA about an IPR case number 2019-B-0022, related to retaliation from Lee which stated each allegation was found unsustained and no discipline was issued for Lee.

53.     On or about August 12, 2019, Smith interviewed Plaintiff regarding Case Number 2019-B-0039 concerning Fox. During the interview, Smith asked Plaintiff to provide him with documents to substantiate allegations regarding Fox's violation of PPB's policy laws, perjury, parenting court orders, PPB rules, and orders.

54.     On or about August 19, 2019, Plaintiff sent investigator Smith documents to corroborate allegations of misconduct against Fox, including emails she had received from Michael Crebs ("Crebs") and Lieutenant Jacob Clark ("Clark"). Crebs and Clark told Plaintiff that PPB employees were required to follow all court orders whether they were on duty or off duty, and whether those court orders pertained to their employment or not.

55.     On or about September 3, 2019, PPB responded in part to the public records request for Case number IA 2017-B-0033 by sending Plaintiff most of the case file. Their response omitted PPA interview notices issued to Fox. The case file contained evidence Fox had testified untruthfully and under oath in declarations submitted to a Washington County court.

56.     On or about September 4, 2019, Plaintiff received a letter from IPR Chief Deputy Auditor Amanda Lamb ("Lamb") indicating IPR would open an investigation against Bell and Bacigalupi, but IPR would not open an investigation against Moore and Fox. The investigations against Bell and Bacigalupi was assigned a case number IPR 2019-C-

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

0215. Bell was being investigated for failing to adhere to internal affairs protocol and Bacigalupi was being investigated for discrimination and retaliation for treating Plaintiff in a disparate manner and dismissing her claims while favoring Fox.

57.     On or about September 6, 2019, Plaintiff followed up with Smith by emailing him the information and documents she received three days earlier on or about September 3, to substantiate allegations of untruthfulness against Fox.

58.     On or about September 10, 2019, Smith notified Plaintiff that he forwarded this information to his supervisor Sergeant Alicia Russell ("Russell"). Russell emailed Plaintiff and said there was not a perjury allegation related to Case Number IA 2019-B-0039 and if she wanted to pursue those allegations, she needed to contact IPR. On information and belief, Russell has a personal off duty relationship with Fox and attended Fox's recent wedding on September 18, 2021.

59.     On or about September 12, 2019, Plaintiff filed complaints against Bacigalupi and Konczal for violation of the PPB truthfulness and retaliation polices. Plaintiff included the incident of displaying her name on the IPR complaint 2019-B-0022. Plaintiff also alleged Bacigalupi and Konczal retaliated against her for filing a tort claim notice against the City in or around March 2019.

60.     On or about September 18, 2019, Eric Nomura ("Nomura") sent Plaintiff acknowledgement of her complaint against Konczal. Nomura identified the investigation as Case Number IPR 2019-C-0263 and he requested she submit to an interview.

61.     On or about September 19, 2019, Plaintiff filed a supplemental complaint to Lamb outlining the ongoing misconduct by PPB members, managers, and IA

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

investigators for failure to follow policy, including mandatory investigations. Plaintiff specifically named Bacigalupi, Gowan, Rovinelli, and McKechnie and provided documents to substantiate her claims.

62.     On or about September 27, 2019, IPR investigator Nomura assigned IPR case number 2019-C-0300 to Plaintiff's complaint concerning retaliation for reporting Fox to local law enforcement but stated that no action would be taken at this time. Nomura also told Plaintiff that a City attorney will manage the investigation against Bacigalupi and Bell. That same day Plaintiff was interviewed by Erin Playman ("Playman") regarding IPR 2019-C-0263.

63.     On or about September 27, 2019, Plaintiff was interviewed by Playman and Nomura regarding Case Number IPR 2019-B-0215 and Case Number IPR 2019-C-0263 at the IPR office in Portland City Hall. Nomura informed Plaintiff he was administratively closing IPR Case # 2019-C-0300 with no further action. Nomura told Plaintiff the City attorney was managing the investigation against Bell and Bacigalupi and all inquiries had to go through the City attorney.

64.     On or about October 1, 2019, per Playman's request, Plaintiff provided substantiating documents and asked why Bell did not investigate Fox for untruthfulness or other misconduct. Playman did not respond to Plaintiff's inquiry.

65.     On or about October 3, 2019, Plaintiff was interviewed by Detective Sergeant Martin Padilla ("Padilla") and PPB detective Karna Barnard ("Barnard") regarding domestic abuse, child abuse, and perjury allegations. On information and belief, Padilla

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

and Barnard did not interview Fox about criminal allegations and she was never interviewed by IA.

66.     On or about October 8, 2019, Lamb responded to Plaintiff's previous inquiry and stated that IPR will not investigate allegations against Moore but referred her concerns about him to the BHR. The BHR did not act.

67.     On or about October 11, 2019, Plaintiff filed a third tort claim notice alleging disparate treatment due to discrimination and retaliation and the City assigned this claim number 2019-008808-29. Plaintiff also alleged continued harassment from Fox and Moore in her personal life, including disparaging remarks at work to Plaintiff's former colleagues. PPB investigated Plaintiff for similar allegations made by Fox and Moore but declined to investigate those allegations made by Plaintiff.

68.     On or about October 15, 2019, Lamb sent Plaintiff a disposition letter concerning allegations that Konczal was untruthful and retaliated against Plaintiff, case number 2019-C-0263. Lamb acknowledged that IPR found inaccuracies but determined that these were mistakes, and no action was taken.

69.     On or about October 17, 2019, Lamb sent correspondence to Plaintiff and stated that IPR opened a case, 2019-B-0215, investigating allegations against Bell and Bacigalupi. Regarding case number 2019-C-0300, Lamb indicated that these allegations of domestic violence will be referred to PPB 's detective division, and that allegations of harassment by Moore and Fox will be sent to the BHR to determine if further investigation is merited. Lastly, Lamb notified Plaintiff that she will not be investigating Moore for harassment, nor will Fox be investigated for untruthfulness.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

70.     On or about October 29, 2019, Gjovik sent Plaintiff a disposition letter regarding

her complaint against Fox in IA 2019-B-0039. The findings included PPB determined

that Fox had refused to drop off their child with Plaintiff in violation of a court ordered

parenting plan. PPB also determined that Fox inappropriately used PPB resources to

obtain Plaintiff' personal financial information in violation of PPB policy 317.40. Despite

PPB's findings, Fox was not issued discipline.

71.     On or about November 6, 2019, Lamb sent Plaintiff receipt of a complaint filed on

October 11, 2019, alleging perjury, untruthfulness, disparate treatment, and other

various allegations against PPB members assigning it an IPR case number 2019-C-

0346.

72.     On or about December 3, 2019, Plaintiff emailed Lamb to file an appeal to the CRC

regarding the outcome of IA case number 2019-B-0039. The CRC has the authority to

determine whether the findings are supported by the evidence submitted.

73.     On or about December 5, 2019, Plaintiff called Padilla to inquire about the status

of the criminal complaint against Fox, identified as Case Number 19-803475. Padilla said

Barnard personally drove the case file to the Washington county district attorney's office

on or around November 26, 2019. On information and belief, Fox had not been

interviewed by Detectives or IA.

74.     On or about December 16, 2019, Lamb sent Plaintiff correspondence that Case

Number IA 2019-B-0039 was not eligible for appeal to the CRC because at the time she

filed her complaint, she was a member of PPB. Lamb informed her that allegations against

Bell and Bacigalupi identified as Case Number IPR 2019-C-0215 were still "open."

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

Additionally, Lamb said case number IPR 2019-C-0263 and IPR 2019-C-0300 had been closed with no further action.

75.     On or about March 26, 2020, Lamb sent Plaintiff a disposition letter regarding the allegations of misconduct by Bell and Bacigalupi in case number IPR 2019-C-0215. PPB determined Bell's actions constituted failure to follow protocols violating PPB policy 330.00 but issued no discipline. PPB determined that Bell engaged in discrimination and retaliation against Plaintiff violating PPB policy 310.20 and City administrative rule 2.02 but issued no discipline. PPB determined that Bacigalupi failed to follow protocols violating PPB policy 330.00 but issued no discipline. Lastly, PPB determined that Bacigalupi engaged in discrimination and retaliation against Plaintiff violating PPB policy 310.20 and City administrative rule 2.02 but no discipline was issued.

76.     On or about April 2, 2020, Plaintiff filed her appeal of IPR 2019-C-0215 to the CRC and included IA 2019-B-0039, because Plaintiff discovered that the CRC form indicates that both community members and police officers are entitled to CRC review despite what Lamb had told Plaintiff.

77.     On or about August 24, 2020, IPR staff emailed Plaintiff that the CRC will conduct an appeal on her allegations against Bell and Bacigalupi on case number IPR 2019-C-0215. The CRC appeal number assigned was 2020-X-001 and scheduled the hearing via Zoom on October 7, 2020.

78.     On or about October 7, 2020, the Citizen Review Committee ("CRC") conducted the appeal hearing in a public forum to discuss allegations that Commander Jeff Bell ("Bell") and Captain Cliff Bacigalupi ("Bacigalupi") failed to investigate Fox for

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

untruthfulness in connection to and including discrimination and retaliation against Plaintiff.

79.    On or about October 7, 2020, the CRC conducted the appeal hearing in a public forum to discuss the refusal of Bell and Bacigalupi to investigate Fox for untruthfulness and for their alleged discrimination and retaliation against Plaintiff.

80.    On information and belief, during the hearing it became known that former SERT team member Andrew Shearer ("Shearer") was placed in charge of deciding the outcome the allegations against Bell and Bacigalupi where no discipline was issued despite the substantiation of the allegations. Furthermore, Shearer worked for Bell's father, Lieutenant Mike Bell ("M. Bell") when he was commander of the SERT team. Shearer was aware of Plaintiff's whistleblowing lawsuit against PPB for SERT's discrimination. Shearer should have been recused from the decision-making process.

81.    Dan Handelman ("Handelman") from Portland Copwatch and CRC Appeals Advisor TJ Browning ("Browning") raised concerns that Bell allowed his IA investigators to target Plaintiff's sexual orientation during IA interviews.

82.    CRC members concluded that on several allegations before them, the City had engaged in disparate treatment and determined that Plaintiff's protected classes likely played a role in the disparate treatment she received and requested additional information and subsequent hearings to confirm the allegations.

83.    CRC members noted the disparate treatment:

    a.    Taylor Snell ("Snell") recognized a threat of retaliation towards Plaintiff by IA investigators went uninvestigated;

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

b.  Andy Chillar ("Chillar") noted that Bell did not appropriately follow up on Plaintiff's complaints; and

c.  Browning expressed concerns including that Bell decided not to investigate Fox for untruthfulness despite having knowledge of documentation substantiating the claim, that PPA Turner was not interviewed after he witnessed threat of retaliation against Plaintiff and agreed with CRC member Jihane Nami ("Nami") that, due to a close relationship with Fox, Bell should have recused himself from the investigation.

84.  The CRC made the following determinations:

a.  There were credible allegations that Fox lied in court testimony, and that PPB provided no adequate explanation for not investigating Fox for violation of PPB truthfulness policy 315.00 requiring additional information and hearings; and

b.  Plaintiff received disparate treatment and requested additional information and hearings to further investigate allegations of retaliation due to her race, sexual orientation, and whistleblower status.

85.  On or about October 8, 2020, contents of the hearing were reported by the Oregonian newspaper in an article titled *Portland sergeant's messy break-up, custody dispute with another officer reveals mishandled internal affairs inquiry, citizen group says.*

86.  The CRC ordered the PPB to conduct more investigations to explain why Plaintiff was treated disparately and why Bell refused to investigate Fox for untruthfulness. Per City policy, PPB had 10 days to complete this investigation.

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

87.    On or about May 3, 2021, Plaintiff filed her second IPR Complaint Status Request to obtain an update on the CRC directed investigation issued over seven months prior. IPR did not respond. On or about May 16, Plaintiff filed a third IPR Complaint Status Request, and again, IPR did not respond.

88.    On or about July 7, 2021, Plaintiff attended the monthly CRC Zoom meeting. At the conclusion of the agenda, Plaintiff asked the CRC if they received a status update on her case. In the meeting, Plaintiff stated that the City had not responded for ten months and reiterated that the investigation was supposed to be conducted within ten days. Ross Caldwell ("Caldwell") told Plaintiff she will receive status notification before the next CRC meeting on August 4, 2021.

89.    On or about August 4, 2021, Caldwell notified Plaintiff that he refused to conduct further investigation into the untruthfulness allegation of Fox despite CRC's request to do so. He also told Plaintiff that the CRC findings against Bell and Bacigalupi would move into a Conference Hearing between the CRC and Chief of PPB. On information and belief, this conference has not been scheduled.

## FIRST CLAIM FOR RELIEF
## EMPLOYMENT DISCRIMINATION ON BASIS OF WHISTLEBLOWING STATUS – ORS §659A.199

90.    Plaintiff incorporates all previous paragraphs herein.

91.    Plaintiff is a member of a protected class because she made good faith reports of unlawful conduct, and policy violations by PPB employees.

92.    After filing good faith reports of violations of the law and PPB policies, Plaintiff was subjected to repeated harassment and retaliation as evidenced by Defendant's

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

failures to take action to investigate, prosecute violations even when sustained, and failed to protect Plaintiff.

93.     Plaintiff's complaints were publicized contrary to PPB policy which subjected her to harassment, disdain by fellow employees, and was targeted by PPB employees as a result of her complaints.

94.     Plaintiff asserts Defendants actions constitute adverse employment actions violating PPB personnel file policy 210.90, 211.20, 341.00, and 630.25.

95.     On or about July 2, 2020, Bacigalupi discriminated and retaliated against Plaintiff by not re-opening her harassment complaint against Fox violating City and PPB's mandatory domestic violence reporting requirements and PPB policy 825.00.

96.     Defendant failed to protect Plaintiff and discriminated against her by not acting on substantiated complaints against her harassers.

97.     Plaintiff received disposition letter which determined that Fox violated a court ordered parenting plan and used PPB resources to obtain personal financial information about Plaintiff in violation of PPB policy 317.40.

98.     Defendant failed to protect Plaintiff.  Plaintiff was vulnerable to repeated harassment by coworkers and supervisors causing significant emotional distress.

99.     PPB dismissed its wrongdoing by Konzcal labeling them as mistakes after Plaintiff reported retaliation, but no discipline was issued, and no steps were taken to protect Plaintiff.

100.    Defendants failed to investigate Fox's untruthfulness and perjury, would go uninvestigated and that no misconduct investigation would take place against Moore.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

101.    When PPB determined that Bell and Bacigalupi engaged in discrimination and failed to follow protocols, no discipline was issued, and no steps were taken to correct the harm to Plaintiff.

102.    PPB determined that Plaintiff was discriminated against but failed to discipline offenders or provide protection to Plaintiff.

103.    Plaintiff suffered disparate treatment while PPB refused to investigate multiple complaints but investigated each and every complaint against Plaintiff.

104.     Through misinformation, Defendant attempted to stifle Plaintiff's right to appeal to the CRC as pretext for unlawful discrimination and freeze her administrative remedy.

105.    Plaintiff met constant stonewalling and disinformation by Defendant.

106.    The CRC determined that Plaintiff's allegation of untruthfulness against Fox should be substantiated; however, the Defendant did not investigate or protect Plaintiff.

107.    Despite Defendant having just ten days to comply with CRC requests per City policy, it took Defendant nearly eleven months to inform Plaintiff that no action has been taken.

108.    Plaintiff asserts that this refusal to follow-up with the CRC's requests was retaliatory for her whistleblowing complaints when she was an employee and that inaction was Defendant's solution to avoid public reprimand, silence Plaintiff, and deny her the validation and vindication of her complaints.

109.    Plaintiff exhausted her administrative remedies by successfully appealing to the CRC.

110.    Plaintiff suffered adverse employments actions through a convergence of

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

retaliatory efforts since filing her first tort claim notice resulting in stonewalled complaints, loss of career advancement opportunities, manipulation of personnel file, being identified as a complainant, and harassed to retire.

111.    Pursuant to ORS §659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, reasonable attorney fees, and costs incurred herein to be proven at trial.

## SECOND CLAIM FOR RELIEF
## EMPLOYMENT DISCRIMINATION ON BASIS OF WHISTLEBLOWING STATUS – ORS §659A.203

112.    Plaintiff incorporates all prior paragraphs.

113.    Plaintiff asserts that reporting policy violations resulted in retaliation by handling her IA and IPR complaints in a disparate manner, manipulation of her personnel file by removing commendations and retaining expunged materials, causing a loss of career opportunities.

114.    Plaintiff's complaints were made public and as a result she was repeatedly harassed to retire.

115.    Pursuant to ORS §659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, reasonable attorney fees, and costs incurred herein to be proven at trial.

## THIRD CLAIM FOR RELIEF
## EMPLOYMENT DISCRIMINATION FOR INITIATING OR AIDING
## CRIMINAL OR CIVIL PROCEEDING
## VIOLATION OF ORS §659A.230

/ / /

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

116.   Plaintiff incorporates all previous paragraphs herein.

117.   On or about May 7, 2019, Plaintiff was compelled to attend an IPR interview in response to a lawfully filed tort claim notice.

118.   Plaintiff was compelled to answer questions, under oath, about her tort claim notice. Plaintiff alleges that this was done to intimidate her for her whistleblowing activities and to provide Defendant with an opportunity to discover material needed to defend against Plaintiff's claim.

119.   Plaintiff's union representative, Turner, objected to this compelled interview about Plaintiff's tort claim notice calling it "unusual, unorthodox, and unethical."

120.   A month after Plaintiff's compelled interview about her tort claim notice, two supervisors approached Plaintiff demanding to know when Plaintiff would retire causing Plaintiff emotional distress. Plaintiff felt that Command staff have been discussing her tort claim notice and motivated these supervisors to tell Plaintiff she should resign. Their actions created an atmosphere of retaliation, intimidation, and coercion.

121.   Pursuant to ORS §659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, reasonable attorney fees, and costs incurred herein to be proven at trial.

## FOURTH CLAIM FOR RELIEF
## DISCRIMINATION BASED ON SEXUAL ORIENTATION
## 42 U.S.C. § 2000e *et seq.*/ORS 659A.030

122.   Plaintiff incorporates all previous paragraphs herein.

123.   On or about September 13, 2018, Plaintiff applied for promotion to lieutenant with PPB.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

124.    Including the Plaintiff, PPB had seventeen (17) candidates apply for the lieutenant position.

125.    On information and belief, Plaintiff was the only gay Latina candidate for the lieutenant position. Plaintiff was unaware that PPB decided to cut off the list for candidate consideration at sixteen (16) candidates, arbitrarily placing Plaintiff in the seventeenth position ineligible for consideration.

126.    Unknown to Plaintiff until in or around November 2020, Plaintiff asserts that because Michaelson and Resch were engaged in a sexual relationship, Michaelson was conferred a benefit based upon his sexual orientation which placed him into the consideration list while pushing Plaintiff into the seventeenth position making her ineligible for promotion.

127.    On or about December 7, 2018, PPB notified Plaintiff that she had not passed the lieutenant's test.

128.    Michaelson was promoted instead of Plaintiff, and received preferential treatment based upon a sexual relationship with Resch. Michaelson's benefits are also evidenced by numerous Commendations authored by Resch and considered for promotion.

129.    Plaintiff was cut off for consideration of the lieutenant's position despite Michaelson's supervisor not initially recommending Michaelson for promotion due to his subpar performance. Plaintiff asserts that Michaelson did not have better credentials than Plaintiff and that Michaelson would not have been promoted but for the fact that he capitalized on his sexual orientation which detrimentally impacted Plaintiff. Allowing promotions based in part on a candidate's cis gender sexual orientation while negatively

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

impacting a gay Latina is a discriminatory practice.

130.   Plaintiff alleges that Defendant decided to withhold promotion to the lieutenant's position because of her sexual orientation and race, identifying as a gay Latina, and that both, which are inseparable, played a substantial role in their decision-making process to deny her promotion.

131.   On information and belief, every lieutenant candidate received the promotion except for Plaintiff.

132.   Pursuant to 42 U.S.C. §2000e-5(k) and ORS §659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, reasonable attorney fees, and costs incurred herein to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### *Quid Pro Quo* Sexual Harassment and *Quid Pro Quo* Hostile Work Environment – ORS 659A.030

133.   Plaintiff incorporates all previous paragraphs herein.

134.   Plaintiff was cut off for consideration of the lieutenant's position because her place was taken by Michaelson, who was engaging in a sexual relationship with Resch. Due to their sexual relationship, Michaelson was conferred a benefit due to his sexual orientation that was not awarded to Plaintiff because Plaintiff was not engaging in sexual conduct with any of her supervisors.

135.   Michaelson's promotion was assisted by his sexual relationship with his supervisor which negatively impacted Plaintiff's opportunity to promote. Michaelson's benefit came at the expense of Plaintiff's position on the promotion list. Plaintiff asserts that this *quid pro quo* relationship is sexual orientation discrimination creating a hostile work

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

environment where Plaintiff, a gay Latina, was denied promotion for the *quid pro quo* to take place.

136.    Pursuant to ORS §659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, reasonable attorney fees, and costs incurred herein to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment in her favor, and against Defendant, awarding Plaintiff economic and noneconomic damages as determined at trial, but not less than $1,700,000.00, together with Plaintiff's costs, disbursements, attorney and expert witness fees under 42 U.S.C §1988, 42 U.S.C. §2000e-5, and ORS §659A.885, and for such other relief the Court deems equitable and just.

Plaintiff herby demands trial by jury on all issues so triable.

DATED this 16th day of March, 2023.

Respectfully submitted,

**EMPLOYMENT LAW PROFESSIONALS**

By:     */s/ Jameson Gideon*
        Jameson E. Gideon, OSB #202871
        Email: jameson@elpnw.com
        Randy J. Harvey, OSB #116714
        Email: randy@elpnw.com
        Patrick G. Conroy, OSB #223806
        Email: Patrick@elpnw.com

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404
Of Attorneys for Plaintiff Liani Reyna