# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LIANI REYNA**, | Case No. 3:21-cv-01839-IM |
| Plaintiff, | **OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| **CITY OF PORTLAND**, a municipal corporation, | |
| Defendant. | |

Randy J. Harvey, Patrick Gerard Conroy, and Jameson Edward Gideon, Employment Law Professionals, 20015 SW Pacific Hwy., Suite 221, Sherwood, OR 97140. Attorneys for Plaintiff.

Trung D. Tu, Portland City Attorney's Office, 1221 SW 4th Ave, Suite 430, Portland, OR 90204. Attorney for Defendant.

**IMMERGUT, District Judge.**

Before this Court is Defendant City of Portland's Motion to Dismiss Plaintiff Liani Reyna's Second Amended Complaint ("SAC") for lack of subject matter jurisdiction and failure to state a claim. Motion to Dismiss ("Mot."), ECF 33. Plaintiff, a retired sergeant for the Portland Police Bureau ("PPB"), asserts the following claims against her former employer:

(1) employment discrimination on the basis of whistleblower status under O.R.S. 659A.199;

PAGE 1 – OPINION AND ORDER

(2) employment discrimination on the basis of whistleblower status under O.R.S. 659A.203;

(3) employment discrimination for initiating or aiding in criminal or civil proceedings under

O.R.S. 659A.230; (4) discrimination on the basis of sexual orientation, asserted under both Title

VII of the Civil Rights Act, 42 U.S.C. §§ 2000e–2000e-17 and O.R.S. 659A.030; and (5) quid

pro quo sexual harassment and quid pro quo hostile work environment under O.R.S. 659A.030.

SAC, ECF 28 ¶¶ 90–136.

 Defendant has moved to dismiss these claims for four overlapping reasons. Defendant

argues (i) Claims One, Two, and Three, plus the federal portion of Claim Four, are barred by the

applicable statutes of limitations; (ii) Plaintiff failed to exhaust administrative remedies related to

Claim Four under Title VII; (iii) Plaintiff failed to provide timely notice to Defendant for Claims

One, Two, Three, and Four under the Oregon Tort Claims Act ("OTCA"); and (iv) Plaintiff

cannot state a claim for retaliation on the basis of her whistleblower status under Claims One and

Two because she has pleaded facts that occurred after her retirement.[1] Mot., ECF 33.

 This Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss, ECF

33. Claim Three and the federal law portion of Claim Four are barred by the applicable statutes

of limitations. But, otherwise, Plaintiff's Claims One, Two, and Five, as well as the state law

portion of Claim Four, survive the Motion to Dismiss.

## LEGAL STANDARDS

### A. Rule 12(b)(6)

 A motion to dismiss for failure to state a claim may be granted only when there is no

cognizable legal theory to support the claim or when the complaint lacks sufficient factual

---

[1] Although Defendant refers to this as a standing argument, this Court construes Defendant's argument as failure to state a claim for Claims One and Two. *See infra* 22 n.11.

allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court need not credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678).

"If the running of the statute is apparent on the face of the complaint, [a statute of limitations] defense may be raised by a motion to dismiss." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citations omitted). "If the defense does not appear on the face of

the complaint and the trial court is willing to accept matters outside of the pleadings, the defense can still be raised by a motion to dismiss accompanied by affidavits." *Id.* (citation omitted).

## B.  Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction . . . ." *Id.* To that end, under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss based on lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion to dismiss on jurisdictional grounds can be "either facial or factual." *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual challenge, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. It also need not presume the truthfulness of the plaintiffs' allegations." *White,* 227 F.3d at 1242 (citations omitted). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012); *see* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND[2]

Plaintiff Liani Reyna worked for the City of Portland as a police officer from 1993 until her retirement, June 26, 2019. SAC, ECF 28 ¶¶ 8, 21. In 1999, Plaintiff was selected as the first

---

[2] The factual background draws from Plaintiff's Second Amended Complaint, ECF 28, as well as extrinsic documents. On a motion to dismiss, this Court must generally accept all well-

openly gay Latina member of the previously all-male PPB Special Emergency Reaction Team

("SERT"). *Id.* ¶ 11. In 2002, based on her experiences on the SERT team, Plaintiff filed a lawsuit

alleging employment discrimination by, among others, the City of Portland and PPB. *See id.* ¶¶

12, 22; *Reyna v. City of Portland*, No. 3:02-cv-00980-JO (D. Or. filed July 24, 2002). After trial,

the jury returned a verdict for the defendants. Jury Verdict, *Reyna v. City of Portland*, No. 3:02-

cv-00980-JO (D. Or. June 14, 2005), ECF No. 386.[3]

　　During this early period of Plaintiff's tenure at PPB, Plaintiff married another PPB

employee, Sara Fox. SAC, ECF 28 ¶ 13. Plaintiff and Fox have a child together. *Id.* The

relationship between Plaintiff and Fox ended in 2012. *Id.*

　　The alleged incidents giving rise to this case began on September 13, 2018. On that date,

Plaintiff applied for promotion to lieutenant. *Id.* ¶ 16. Seventeen candidates applied for

promotion, including Plaintiff. *Id.* ¶ 18. Plaintiff was the only gay Latina candidate for the

lieutenant position. *Id.* ¶ 21. On October 12, 2018, a month before her interview for the

---

pleaded factual allegations from the Second Amended Complaint and incorporated documents as
true and draw all reasonable inferences in the non-movant's favor. *See Pride v. Correa*, 719 F.3d
1130, 1133 (9th Cir. 2013); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir.
2010). However, because Defendant is also making a factual Rule 12(b)(1) challenge, this Court
may look beyond the pleadings. *See Meyer*, 373 F.3d at 1039. Moreover, because the Complaint
incorporates by reference those extrinsic documents, this Court may properly consider them in a
Rule 12(b)(6) challenge "without converting the motion to dismiss into a motion for summary
judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted).
Specifically, the Second Amended Complaint incorporates an Equal Employment Opportunity
Commission ("EEOC") right-to-sue letter, tort claim notices, an EEOC complaint against
Defendant, complaints with the Oregon Bureau of Labor and Industries ("BOLI"), and a BOLI
right-to-sue letter. Declaration of Trung D. Tu ("Tu Decl."), ECF 33-1, Exs. 1, 4, 5, 6, 7, 8, 10,
11. This Court notes that Plaintiff neither disputes the contents nor the authenticity of these
documents.

　　[3] Although not contained in the Second Amended Complaint, this Court takes judicial
notice of this fact because it is a matter of public record. *See Lee v. City of Los Angeles*, 250 F.3d
668, 688–89 (9th Cir. 2001).

promotion, Plaintiff reviewed her personnel file at the PPB Personnel Division and discovered that past discipline, which should have been expunged, was present in her personnel file with the orders of expungement removed. *Id.* ¶ 17. And during the interview for the promotion, on November 4, 2018, Plaintiff sat before a panel that included a retired SERT team member who, per Plaintiff's 2002 lawsuit, had allegedly discriminated against Plaintiff. *Id.* ¶ 22. On December 7, 2018, PPB notified Plaintiff that she would not be promoted. *Id.* ¶ 23. In denying the promotion, PPB relied on the once-expunged records. *Id.* ¶ 24. All other lieutenant candidates were promoted. *Id.* ¶ 25.

On March 18, 2019, Plaintiff sent a tort claim notice to Defendant alleging (i) discrimination by PPB for denying Plaintiff's promotion to lieutenant on the basis of her race, sex, and sexual orientation and (ii) a pattern of retaliation after she filed her 2002 lawsuit against PPB. 3/18/2019 Tort Claim Notice, ECF 33-1, Ex. 5. This tort notice was the first of four Plaintiff would send to Defendant.

After sending her first tort claim notice, Plaintiff allegedly faced more harassment. In April 2019, Plaintiff was accosted by two white male supervisors who had heard about Plaintiff's tort claim notice. SAC, ECF 28 ¶ 30. The supervisors demanded to know when Plaintiff was retiring from PPB and implied that Plaintiff should resign. *Id.* Then, on April 19, 2019, an Internal Affairs Captain wrote an official memorandum instructing Plaintiff to appear for an Internal Affairs interview. *Id.* ¶¶ 31, 45, 78. The memo publicly identified Plaintiff as the complainant in an Internal Affairs investigation and was circulated to Plaintiff's managers and coworkers. *Id.* ¶¶ 31–32. The same day, a PPB officer emailed Plaintiff a Portland Police Association Notice of Interview, again identifying Plaintiff as a complainant in an Internal Affairs investigation. *Id.* ¶ 33. On May 7, 2019, Plaintiff appeared before Internal Affairs

investigators and answered questions, under oath, about the basis for her tort claim notice dated

March 18, 2019. *Id.* ¶ 34. At the interview Plaintiff was represented by her union representative,

Daryl Turner. *Id.* Turner objected to the interview, saying that it was "unusual, unorthodox, and

unethical" to compel an employee to discuss their tort claim notice against their employer. *Id.*

Turner reported to the investigators that Plaintiff's ex-wife, Sara Fox, had been using PPB

resources to harass Plaintiff and suggested that PPB would likely retaliate against Plaintiff for

her testimony. *Id.* ¶ 35.

On May 28, 2019, Plaintiff served Defendant with her second tort claim notice alleging

that PPB retaliated against her for filing the first notice by compelling Plaintiff to appear for an

Internal Affairs interview. *Id.* ¶ 40; 5/28/2019 Tort Claim Notice, ECF 33-1, Ex. 6.

On June 19, 2019 Plaintiff filed a complaint with Independent Police Review[4] ("IPR"),

regarding both on- and off-duty harassment by Fox. *Id.* ¶ 42. In the complaint, Plaintiff also

accused several Internal Affairs investigators of failing to investigate her allegations of

harassment by Fox during 2018. *Id.* ¶¶ 42–43.

Plaintiff retired from PPB on June 26, 2019. *Id.* ¶ 3. On July 18, 2019, Plaintiff filed a

complaint with the Oregon BOLI alleging several instances of discrimination and retaliation by

PPB. BOLI Letter, ECF 33-1, Ex. 10. Oregon BOLI mailed a right-to-sue letter to Plaintiff on

July 17, 2020. BOLI Right-to-Sue Letter, ECF 33-1, Ex. 11.

Even after Plaintiff's retirement, she continued to file complaints of discrimination and

retaliation she experienced while employed at PPB. Plaintiff filed a supplemental complaint

against her ex-wife Sara Fox and various officers alleging discrimination, harassment, retaliation,

---

[4] The Independent Police Review is a City of Portland agency providing impartial oversight of police conduct, practices, and policies. City of Portland, *Independent Police Review*, https://www.portland.gov/ipr (last visited Oct. 20, 2023).

untruthfulness, unsatisfactory work performance, criminal conduct involving coercion, and child abuse. SAC, ECF 28 ¶ 48. On August 12, 2019, Plaintiff was interviewed by Internal Affairs regarding her allegations against Fox, and she provided corroborating evidence. *Id.* ¶¶ 50, 53–54, 57. On September 12, 2019, Plaintiff filed another IPR complaint against two officers for publicly identifying Plaintiff as the complainant in a separate IPR complaint and for violating PPB policy. *Id.* ¶ 59.

On October 11, 2019, Plaintiff filed a third tort claim notice, alleging discrimination and retaliation by PPB for filing her first tort claim notice, being publicly identified as the complainant in an IPR investigation, harassment by Fox, and violations of PPB policy by several Internal Affairs officers. *Id.* ¶ 67; 10/11/2019 Tort Claim Notice, ECF 33-1, Ex. 7.

The IPR resolved several of Plaintiff's complaints in her favor. On October 15, 2019, IPR notified Plaintiff that it found one officer retaliated against Plaintiff for filing her first tort claim notice. SAC, ECF 28 ¶ 68. And on March 26, 2020, IPR determined that a PPB captain and lieutenant discriminated and retaliated against Plaintiff and violated several PPB policies. *Id.* ¶ 75. Each time, PPB failed to discipline these other officers. *Id.* ¶¶ 68, 75.

Plaintiff sent Defendant a fourth tort claim notice dated April 2, 2021 with additional allegations of retaliation and discrimination by PPB. *Id.* ¶ 10; 4/2/21 Tort Claim Notice, ECF 33-1, Ex. 8.

On August 4, 2021, Plaintiff filed a complaint with the EEOC alleging discrimination by Defendant. EEOC Charge of Discrimination, ECF 33-1, Ex. 4. The EEOC sent Plaintiff a right-to-sue letter dated September 20, 2021. SAC, ECF 28 ¶ 7; EEOC Right-to-Sue Letter, ECF 33-1, Ex. 1.

Plaintiff filed a complaint in this Court on December 18, 2021 and a First Amended Complaint on August, 1, 2022. Complaint ("Compl."), ECF 1; First Amended Complaint, ECF 15.

On October 5, 2022, Defendant moved to dismiss Plaintiff's First Amended Complaint for failure to state a claim, and in the alternative, requested this Court order Plaintiff to file a more definite statement. 10/5/22 Motion to Dismiss, ECF 20. In response, Plaintiff conceded that several of her claims were barred by the statute of limitations and requested leave to amend her Complaint to remove those claims. Response in Opposition to 10/5/22 Motion to Dismiss, ECF 24 at 14. This Court granted Defendant's motion for a more definite statement and Plaintiff's request for leave. Order Granting Motion for a More Definite Statement, ECF 27.

Plaintiff filed her Second Amended Complaint on March 16, 2023, ECF 28. On May 12, 2023, Defendant moved to dismiss Plaintiff's Second Amended Complaint. Mot., ECF 33.

In its latest Motion to Dismiss, Defendant argues as follows: (1) Plaintiff's Claims One, Two, and Three, and the portion of Claim Four asserted under Title VII, are barred by the applicable statutes of limitations[5]; (2) Plaintiff failed to exhaust her administrative remedies for her Title VII claim asserted in Claim Four; and (3) Plaintiff failed to provide Defendant with timely notice under the OTCA for Claims One, Two, Three, and her claim under O.R.S. 659A.030 asserted in Claim Four. Mot., ECF 33 6–12. Plaintiff disputes these grounds for dismissal. Plaintiff's Response to Defendant's Motion to Dismiss ("Resp."), ECF 39 at 6–18.

---

[5] Although Defendant at first argued that all of Plaintiff's claims were barred by the relevant statutes of limitations, in its Reply, Defendant conceded that Plaintiff's Claim Four asserted under O.R.S. 659A.020 and Claim Five are not barred by the statute of limitations. Defendant's Reply to Plaintiff's Response ("Reply"), ECF 40 at 9.

**DISCUSSION**

For the reasons below, this Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss, ECF 33. Claim Three and the federal law portion of Claim Four are barred by the applicable statutes of limitations. But, otherwise, Plaintiff's Claims One, Two, and Five, as well as the state-law portion of Claim Four, survive the Motion to Dismiss.

This Opinion will first explain why Defendant's statutes of limitations arguments succeed in part. Then it will explain why Plaintiff's tort suit notices were timely.

**A.  Statute of Limitations**

For the reasons below, the applicable statutes of limitations bar Claim Three and the federal portion of Claim Four under Title VII, but the remaining claims are timely.

**1.  Title VII's Statute of Limitations Bars the Federal Law Portion of Plaintiff's Fourth Claim**

Defendant moves to dismiss the federal law component of Claim Four asserted under Title VII, arguing that the statute of limitations expired before Plaintiff filed her EEOC complaint. Mot., ECF 33 at 8. Plaintiff argues that Defendant waived this argument by not raising it in Defendant's first motion to dismiss, and that, in any event, she complied with EEOC requirements by filing her complaint within 90 days of receiving the EEOC right-to-sue letter. Resp., ECF 39 at 6–9. This Court holds in Defendant's favor: Defendant did not waive its argument, and Plaintiff did not comply with Title VII's statute of limitations.

**a.  Defendant Did Not Waive the Title VII Statute of Limitation Defense**

Defendant did not waive its statute of limitations defense because the relevant facts were not known to Defendant when it filed its first motion to dismiss. Federal Rule of Civil Procedure 12(g)(2) states, "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was

available to the party but omitted from its earlier motion." However, a defense cannot have been "available" to a party at an earlier juncture if the party did not have reasonable notice of the facts giving rise to the defense. *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1388 (3d ed. 2023); *see also Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738–39 (1st Cir. 1983) ("[Defendant] could not waive a defense involving facts of which it was not, and could not have been expected to have been, aware."); *Ambriz v. Coca Cola Co.*, Case No. 13–cv–03539–JST, 2014 WL 296159, at *2 (N.D. Cal. Jan. 27, 2014) (holding that a defense was not "available" to defendant under Rule 12(g)(2) when plaintiff could have put defendant on notice of the relevant facts by including them in the complaint and did not, even though defendant could have discovered this information earlier through its own investigation).

Defendant did not know the facts underlying its statute of limitations defense for Plaintiff's Claim Four under Title VII when it filed its first motion to dismiss. The Complaint and First Amended Complaint did not state when Plaintiff filed her EEOC complaint or what discriminatory actions she alleged in her EEOC complaint, and the EEOC complaint was not attached to these filings. *See generally* Compl., ECF 1; First Amended Complaint, ECF 15. In fact, Defendant's first motion to dismiss explained that the First Amended Complaint did not provide enough factual detail for Defendant to determine "if Plaintiff has exhausted all of her administrative remedies" and "whether any of [the] causes of action are now barred by the statute of limitations." 10/5/22 Motion to Dismiss, ECF 20 at 2. This Court agreed with Defendant and granted its motion for a more definite statement. Order Granting Motion for a More Definite Statement, ECF 27. Because Plaintiff's original Complaint and First Amended Complaint did not give Defendant the operative facts needed to raise a statute of limitations

defense, this Court holds that the defense was not "available" to Defendant when it filed its first motion to dismiss.

Plaintiff's counterargument is unavailing. She claims that Defendant has been aware of the information underlying its statute of limitations defense since December 18, 2021, when Plaintiff asserted her Title VII claim in the original complaint and attached the EEOC right-to-sue letter. Resp., ECF 39 at 8. But neither item informed Defendant of when Plaintiff filed her EEOC complaint or of what discriminatory actions she alleged. Accordingly, Defendant is not barred from asserting the statute of limitations defense in this motion.[6]

### b.  Plaintiff's Title VII Claim Is Untimely

Plaintiff's Title VII claim is untimely because she did not file an EEOC complaint within 300 days of any job-related discrimination. A Title VII claim cannot proceed in federal court unless a charge of discrimination has first been filed with the EEOC. *E.E.O.C. v. Dinuba Med. Clinic*, 222 F.3d 580, 585 (9th Cir. 2000). Because Oregon law provides an avenue for relief from discrimination also covered under Title VII, plaintiffs must file their EEOC complaint within 300 days of the discrimination. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1075 (9th Cir. 2015) (citations omitted).

Plaintiff filed her EEOC complaint on August 4, 2021. EEOC Charge of Discrimination, ECF 33-1, Ex. 4. For her EEOC complaint to have been timely it must have related to discriminatory job actions taken on or after October 8, 2020. But by that date, Plaintiff had retired from the police force. Thus, it would have been impossible for Defendant to have taken any discriminatory, job-based actions against her within the 300-day window. *See Ricci v.*

---

[6] In any event, the Ninth Circuit allows district courts to rule on the merits of subsequently filed Rule 12(b)(6) motions in the interest of judicial economy. *See In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318–19 (9th Cir. 2017).

*DeStefano*, 557 U.S. 557, 577 (2009) ("A disparate-treatment plaintiff must establish 'that the defendant had a discriminatory intent or motive' for taking a *job-related* action." (emphasis added) (citation omitted)); *Maner v. Dignity Health*, 9 F.4th 1114, 1120 (9th Cir. 2021) (explaining that Title VII makes it unlawful for an employer to carry out an adverse employment action based on a protected class) (citing 42 U.S.C. § 2000e-2(a)(1)). Accordingly, Plaintiff's EEOC complaint was untimely, and her Title VII claim is time-barred.

Plaintiff counters with two arguments, but they are unpersuasive and unresponsive. First, rather than acknowledge the 300-day requirement in her briefing, Plaintiff argues that her Title VII claim is timely because she filed her original complaint within 90 days of receiving her EEOC right to sue letter. Resp., ECF 39 at 6–9. This is irrelevant. Although the EEOC right-to-sue letter explicitly mentions that Plaintiff had 90 days to file her complaint following the date of the letter, EEOC Right-to-Sue Letter, ECF 33-1, Ex.1, this does not negate the 300-day statute of limitations set forth by Title VII. *See Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1106–11 (9th Cir. 2018) (explaining that plaintiffs must satisfy two separate limitations periods for Title VII claims: filing a EEOC complaint timely under 42 U.S.C. § 2000e-5(e)(1) and suing within 90 days of receiving a right-to-sue letter under 42 U.S.C. § 2000e-5(f)(1)).

Next, Plaintiff cites *Occidental Life Ins. Co. v. E.E.O.C.* for the proposition that a person may file a private lawsuit 180 days after an EEOC complaint has been filed. Resp., ECF 39 at 7 (citing 432 U.S. 355, 360 (1977)). But this portion of *Occidental Life* refers to 42 U.S.C. § 2000e-5(f)(1), a distinct provision of Title VII that does not override the statute of limitation set forth in 42 U.S.C. § 2000e-5(e)(1). *See* 432 U.S. at 360. Subparagraph (f)(1) directs the EEOC to notify a complainant of its "failure to file a civil action or enter a conciliation agreement within

180 days from the filing of the charge," *Scott*, 888 F.3d at 1107,—the provision is irrelevant to Defendant's statute of limitations arguments.

Because Plaintiff failed to comply with the 300-day statute of limitations for filing her EEOC complaint, Plaintiff is barred from asserting Claim Four under Title VII. This Court need not consider Defendant's remaining arguments about exhaustion under Title VII. Mot., ECF 33 at 6–8.

### 2. The State Statute of Limitations Bars Claim Three, But Not Claims One and Two

Defendant argues that the statute of limitations bars Plaintiff's state-law Claims One, Two, and Three. Mot., ECF 33 at 8–10. Plaintiff responds that Claims One and Two are timely due to the tolling provision in House Bill ("H.B.") 4212 and that Defendant waived the statute of limitations defense for Claim Three by not asserting it in its initial motion to dismiss. Resp., ECF 39 at 9–13, 17, 18.

Both Parties are partially correct: Claim Three is time-barred, but Claims One and Two are timely. H.B. 4212 tolled the relevant statute of limitations for Claims One and Two. But Plaintiff effectively concedes that Claim Three is untimely, and Defendant did not waive its statute of limitations defense.

### a. Claims One and Two Were Timely

Plaintiff had until December 31, 2021 to commence her lawsuit. Generally, a civil action against a public entity involving an unlawful employment practice must be commenced within one year, unless a complaint has been timely filed with the Bureau of Labor and Industries. O.R.S. 659A.875(6)(a). If a party chooses to file a complaint with the BOLI, she must do so within one year of the alleged unlawful practice. O.R.S. 659A.820(2). If the BOLI decides not to

proceed with a plaintiff's claims, the agency will issue a right-to-sue letter, and the plaintiff must sue within ninety days of the mailing date of the letter. O.R.S. 659A.880.

Plaintiff followed this procedure. Plaintiff's BOLI complaint was received on July 18, 2019—within one year of her applying for a promotion on September 13, 2018, the earliest factual event underlying her discrimination and retaliation claims. *See* BOLI Complaint, ECF 33-1, Ex. 10 at 5; O.R.S. 659A.820(2). BOLI then mailed its right-to-sue letter on July 17, 2020. From there, Plaintiff typically would have had 90 days to file suit. But because that statute of limitations date occurred during a Governor-declared COVID-19 state of emergency, her time-bar was automatically extended to December 31, 2021 under Oregon H.B. 4212. *See Phelps v. Wellpath Mgmt.*, 641 F. Supp. 3d 966, 974 (D. Or. 2022); *see also Pearce v. City of Portland*, No. 3:22-cv-00518-HZ, 2023 WL 315913, at *6 (D. Or. Jan. 18, 2023) ("A majority of state circuit courts that have examined this issue have interpreted the repeal provision in Section 8 similarly and have found that December 31, 2021 was the ultimate deadline to file claims that received extensions under Section 7." (collecting cases)). Plaintiff filed her suit on December 18, 2021—within the prescribed period. *See* SAC, ECF 28.

Defendant does not challenge this timeline; rather, it challenges the substantive sufficiency of Plaintiff's BOLI complaint. In Defendant's view, because Plaintiff's BOLI complaint did not properly allege Plaintiff's Claims One and Two, this Court must disregard any tolling effect of filing the BOLI complaint and ask only if Plaintiff filed this suit within a year of the alleged discriminatory event. Reply, ECF 40 at 7 n.1. This Court disagrees: Plaintiff's BOLI complaint complied with statutory requirements in raising Claims One and Two.

Oregon law requires that a BOLI complaint "set forth the acts or omissions alleged to be an unlawful practice." O.R.S. 659A.820(2). Oregon Administrative Rule 839-003-0005(5) also requires that the BOLI complaint:

> (a) Give[] the name and address of the aggrieved person and the respondent;
>
> (b) Identif[y] the protected class basis of the complaint;
>
> (c) [Be] signed by the aggrieved person;
>
> (d) Describe[] the actions complained of, including:
>
>> (A) The date(s) of occurrence;
>>
>> (B) What the action was and how it harmed the aggrieved person; and
>>
>> (C) The causal connection between the aggrieved person's protected class and the alleged harm.

O.A.R. 839-003-0005(5).

Plaintiff complied with these requirements in her BOLI complaint. *See* BOLI Complaint, ECF 33-1, Ex. 10. Defendant fails to cite to any authority requiring more detailed information in a BOLI complaint nor does Defendant clarify the purported deficiency. Accordingly, this Court finds that Plaintiff properly raised her First and Second Claims within her BOLI complaint. *See also Dean v. Les Schwab Tire Centers Of Portland*, No. 20CV33130, 2021 WL 4938669, at *3 n.6 (Or. Cir. Ct. Sept. 28, 2021) (rejecting defendant's argument that O.R.S. 659A.820 and O.A.R. 839-003-0005(5) require that a BOLI complaint state the Oregon statute or administrative rule asserted in a civil action).

In sum, Plaintiff timely filed Claims One and Two, and contrary to Defendant's assertions, her BOLI complaint, which tolled those claims, was sufficient under Oregon law. Accordingly, Claims One and Two are not barred by the statute of limitations.

PAGE 16 – OPINION AND ORDER

### b. Claim Three Was Untimely

Defendant argues that the statute of limitations bars Claim Three. Mot., ECF 33 at 9. Plaintiff does not refute Defendant's assertion on the merits. Rather, she argues that Defendant has waived this argument by not raising it in its first motion to dismiss. Resp., ECF 39 at 17. However, as waiver does not apply here, Claim Three is barred by the statute of limitations.

As stated above, Defendant's first motion to dismiss for failure to state a claim or for a more definite statement explained that the First Amended Complaint did not allow Defendant to determine "whether any of [the] causes of action are now barred by the statute of limitations." 10/5/22 Motion to Dismiss, ECF 20 at 2. Also, in granting Defendant's motion for a more definite statement, this Court reasoned that Plaintiff's First Amended Complaint was "not sufficiently definite and certain and consequently fails to comply with Fed. R. Civ. P. 8(a)(2)." Order Granting Motion for a More Definite Statement, ECF 27. Thus, the statute of limitations defense was unavailable to Defendant in its first motion to dismiss. Accordingly, Defendant did not waive the defense for Claim Three.[7]

Plaintiff fails to argue that Claim Three is timely in her response. *See generally* Resp., ECF 39. This Court finds Plaintiff's failure to address Defendant's Claim Three statute of limitations argument constitutes a concession on the merits and that Defendant is entitled to judgment in its favor on that claim. *See Yentz v. Nat'l Credit Adjusters, LLC*, Case No. 3:20-cv-01364-AC, 2021 WL 1277961, at *4 (D. Or. Feb. 15, 2021) (collecting cases), *findings and recommendation adopted*, 2021 WL 1270457 (D. Or. Apr. 6, 2021); *see also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010) (finding that a plaintiff who makes

---

[7] As stated above, regardless, the Ninth Circuit allows district courts to rule on the merits of subsequently filed Rule 12(b)(6) motions in the interest of judicial economy. *See In re Apple iPhone Antitrust Litig.*, 846 F.3d at 318–19.

a claim in his complaint but fails to raise the issue in response to a defendant's motion to dismiss has abandoned the claim).

Regardless, Plaintiff's Claim Three is barred by the statute of limitations. Plaintiff's last day of employment was June 26, 2019 and she asserted Claim Three for the first time in her First Amended Complaint, filed August 1, 2022. Although during the Oregon COVID-19 State of Emergency, H.B. 4212 tolled statutes of limitation for Oregon state civil claims until December 31, 2021, Plaintiff failed to file her complaint within that time and thus did not file Claim Three timely.

For this reason, and because Plaintiff effectively concedes that Claim Three was untimely, Resp., ECF 39 at 17, this Court holds that Plaintiff's Claim Three is time-barred.

## B.  The Tort Claim Notices Complied with Oregon Law

Defendant next argues that Plaintiff did not timely serve the City with tort claim notices for state-law Claims One, Two, Three, and Four because (1) Plaintiff's first three tort claim notices do not specifically mention the state law causes of action asserted in the Second Amended Complaint and (2) these tort claim notices are untimely. Mot., ECF 33 at 10–11. Plaintiff contends that her tort claim notices need not mention the violation of a specific state law to comply with the Oregon tort claim notice requirement and that they were indeed timely. Resp. ECF 39 at 13–17. This Court holds that, for state-law Claims One, Two, and Four, Plaintiff has satisfied her tort claim notice obligations set forth by Oregon statute.[8]

Notice under the OTCA is a jurisdictional requirement for suing the State of Oregon, its agencies, officers, and employees. *Johnson v. Smith*, 24 Or. App. 621, 626 (1976); *Pearce*, 2023

---

[8] Because Claim Three is time-barred, this Court does not consider any other defenses against it.

WL 315913, at *5 (treating the requirement as jurisdictional under Rule 12(b)(1)). For claims

other than wrongful death, the OTCA requires that plaintiffs file a tort claim notice within 180

days of the alleged loss or injury. O.R.S. 30.275(2). This notice need only notify relevant state

actors of an intent to file suit, the identity of the claimant, and the events giving rise to the claim.

O.R.S. 30.275(4).

Plaintiff indisputably provided this information in her tort claim notices to Defendant.

Defendant's objection is that Plaintiff did not cite specific Oregon statutes in her notices. Mot.,

ECF 33 at 11. But this is not a requirement of Oregon law. On the contrary, the Oregon Supreme

Court has made clear that plaintiffs "need not specify precisely *what* claim" they allege in a tort

claim notice, but the tort claim notice must at least include facts relating to the claim, and an

intent to assert a claim "in general terms." *Flug v. Univ. of Or.,* 335 Or. 540, 553–54 (2003).

Plaintiff included facts relating to the claims she ultimately asserted and demonstrated an intent

to assert claims in general. *See* 3/18/2019 Tort Claim Notice, ECF 33-1, Ex. 5; 5/28/2019 Tort

Claim Notice, ECF 33-1, Ex. 6; 10/11/2019 Tort Claim Notice, ECF 33-1, Ex. 7; 4/2/2021 Tort

Claim Notice, ECF 33-1, Ex. 8. Accordingly, Plaintiff's tort claim notices complied with Oregon

law.

Plaintiff's tort claim notices were also timely, despite Defendant's contrary assertions.

Plaintiff's allegations of retaliation and discrimination during her employment with Defendant

fall into three categories: (1) Plaintiff's application for promotion to lieutenant; (2) retaliation for

submitting her March 19, 2019 tort claim notice; and (3) harassment by Fox and discrimination

and retaliation by other PPB officers during June and July 2019. SAC, ECF 28 ¶¶ 17–28, 30–39, 42–46.[9] Plaintiff timely submitted her tort claim notices for each category.

First, Plaintiff alleges that between October 12, 2018 and December 7, 2018 she was discriminated and retaliated against when she applied for promotion to lieutenant and was denied. *Id.* ¶¶ 17–28. The related facts in the Second Amended Complaint are explicitly referenced in Plaintiff's first tort claim notice dated March 18, 2019. *See* 3/18/2019 Tort Claim Notice, ECF 33-1, Ex. 5. Further, the cutoff period for Plaintiff to file her tort claim notice for these events was June 5, 2019—180 days after she was denied promotion. Thus, Plaintiff gave timely notice to Defendant in her first tort claim notice.

Next, Plaintiff alleges that between April 19, 2019 and May 7, 2019 PPB retaliated against her for submitting the March 19, 2019 tort claim notice to Defendant. SAC, ECF 28 ¶¶ 31–39. Again, these factual allegations were included in her second and third tort claim notices, dated May 28, 2019 and October 11, 2019, respectively. 5/28/2019 Tort Claim Notice, ECF 33-1, Ex. 6; 10/11/2019 Tort Claim Notice, ECF 33-1, Ex. 7. The cutoff period for Plaintiff to file her tort claim notice for these events was November 3, 2019—180 days after her May 7, 2019 interview by Internal Affairs. Plaintiff timely notified Defendant of these allegations in the second and third tort claim notices.

Finally, Plaintiff alleges continued harassment by Fox and retaliation by other Portland Police Bureau officers through the date of her retirement. SAC, ECF 28 ¶¶ 42–46. These factual allegations were also included in Plaintiff's third tort claim notice, dated October 11, 2019.

---

[9] This Court focuses its analysis on allegations of discrimination and retaliation during Plaintiff's employment with Defendant because state-law Claims One, Two, and Four specifically proscribe retaliation and discrimination against an employee by an employer. O.R.S. 659A.203, 659A.199, 659A.030.

10/11/2019 Tort Claim Notice, ECF 33-1, Ex. 7. The cutoff period for Plaintiff to file her tort

claim notice for these events was December 23, 2019—180 days after her retirement. Again,

Plaintiff timely notified Defendant of these allegations within her third tort claim notice.[10]

Because the tort claim notices provided timely notice of Claims One, Two, and Four, and

the notices included statutorily required information, Plaintiff has complied with the Oregon Tort

Claims Act's notice requirement.

## C.  Factual Allegations Following Plaintiff's Retirement

Last, Defendant argues that Plaintiff cannot state a claim for Claims One and Two, both

for employment discrimination on the basis of whistleblower status, because her Second

Amended Complaint in part references conduct that took place after she retired. *See* Mot., ECF

33 at 12; Reply, ECF 40 at 8.[11]

Plaintiff unquestionably can state a claim for discrimination and retaliation during her

employment. The statutes underlying Claims One and Two both proscribe unlawful employment

practices against "employees." *See* O.R.S. 659A.199(1); O.R.S. 659A.203(1)(b)(A); *see also*

*Lindsey v. Clatskanie People's Util. Dist.*, 140 F. Supp. 3d 1077, 1091 (D. Or. 2015) (listing

"adverse employment decision" as an element of retaliation under O.R.S. 659A.199 and O.R.S.

---

[10] Defendant also argues that the fourth tort claim notice was not timely for any event during Plaintiff's employment, Mot., ECF 33 at 11, but this assertion is unavailing because, even excluding the fourth tort claim notice, Plaintiff gave Defendant sufficient notice of the claims she ultimately asserted. *See Flug*, 335 Or. at 553–54; *see also Moore v. Portland Pub. Schs.*, 328 Or. App. 391, 404 (2023) (declaring that a tort claim notice need not "be a comprehensive account of events on which a claim is based").

[11] In its briefing, Defendant characterizes this argument as lack of standing, but discusses none of the three elements of a standing analysis. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Essentially, Defendant intends to argue that Plaintiff cannot state a claim for conduct after she retired because both statutes require unlawful employment practices taken against employees. *See* O.R.S. 659A.199(1), 659A.203(1)(b)(A).

659A.203). As acknowledged by Defendant, the Second Amended Complaint includes adverse employment decisions during Plaintiff's employment with PPB, which is enough to state a claim under Claims One and Two. SAC, ECF 28 ¶¶ 16–46; *see* Mot., ECF 33 at 12. Accordingly, this Court rejects Defendant's argument as a basis to dismiss Claims One and Two.

## CONCLUSION

This Court GRANTS in part Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, ECF 33, for failure to state a claim as to Plaintiff's Claim Three and Claim Four under Title VII. These claims are DISMISSED with prejudice. However, this Court DENIES in part Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, ECF 33, for failure to state a claim and lack of subject matter jurisdiction as to Claims One and Two, and Claim Four under O.R.S. 659A.030.

**IT IS SO ORDERED.**

DATED this 22nd day of November, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge