Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Patrick G. Conroy, OSB #223806
Email: patrick@elpnw.com

**EMPLOYMENT LAW PROFESSIONALS NORTHWEST LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LIANI REYNA**,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>**CITY OF PORTLAND**, a municipal corporation,<br><br>　　　　Defendant. | Case No. **3:21-cv-01839-IM**<br><br>**PLAINTIFF'S BRIEF ON DISCOVERY ISSUES** |

　　　Per the Court's scheduling order dated June 26, 2024, and the minutes of proceedings dated June 24, 2024, Plaintiff respectfully submits her briefing on the discovery issues before the Court and requests an order requiring Defendant to make Sara Fox available for deposition:

///

///

///

///

PAGE 1 – PLAINTIFF'S BRIEF ON DISCOVERY ISSUES

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## ISSUES:

**ISSUE 1:** Whether Defendant should be required to answer Plaintiff's third interrogatory.

**RESOLUTION:** Defendant agreed to answer Plaintiff's Interrogatory No. 3 and provided an amended response with supporting documents on June 28, 2024. No assistance from the Court is currently needed.

**ISSUE 2:** Whether Plaintiff can depose Defendant's employee Sara Fox.

**RESOLUTION:** Argument below.

## LAW AND ARGUMENT:

Defendant's position that Plaintiff cannot depose Sara Fox altogether is calculated to persuade the Court to adopt Defendant's fallback position of 'parameters' on the deposition. The Court should not indulge this gamesmanship. Other than a recitation of FRCP 26, Defendant's briefing is tellingly devoid of law.

Absent an overwhelming showing of a specific, concrete harm that will occur, Defendant cannot prevent the deposition. FRCP 26(b)(1) authorizes discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Plaintiff seeks to depose Sara Fox ("Fox"), who is mentioned 49 times in the operative complaint. *See* ECF 28.

Broad allegations of hypothetical and non-specific harm are insufficient to for a protective order under FRCP 26(c). *Beckman Indus. v. International Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992). Rather than articulate something specific, Defendant brief only raises a non-specific possibility of "prevent[ing] Plaintiff from continuing [Plaintiff's] documented history of harassing and bullying Officer Fox" [emphasis removed]. ECF 68, Def.'s Brief ISO Mot. for Protective Order at 2. Other than the discomfort of a deposition, it is unclear what harm Defendant thinks will occur. Plaintiff now lives in Florida. Decl. of Conroy at 4. Fox is a current Portland Police Officer. Decl. of Conroy at 5.

///

///

PAGE 2 – PLAINTIFF'S BRIEF ON DISCOVERY ISSUES

EMPLOYMENT LAW PROFESSIONALS
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

Preventing the deposition of a witness is an extraordinary remedy. *Cedano v. Thrifty Payless, Inc.*, No. CV-10-237-HZ, 2011 U.S. Dist. Lexis 155956 (Or. May 11, 2011). "Absent extraordinary circumstances, it is very unusual for a court to prohibit the taking of a deposition." *Id.* at 11. Other than a mutual dislike—which is overwhelmingly common in depositions—Defendant has not articulated a potential harm rising to the level of extraordinary.

Fox is clearly a key witness. The Court has already acknowledged this by referring to Fox eleven (11) times in the Opinion and Order on Defendant's second motion to dismiss. Not allowing Plaintiff to depose Fox is tantamount to not allowing Plaintiff to pursue her case, a proposition that this Court has rejected on several occasions. ECF 27 (order on first motion to dismiss); ECF 41 (opinion and order on second motion to dismiss).

Defendant has not and cannot meet its burden of showing specific prejudice or harm that will result. "In order to establish good cause for issuance of a protective order, the party seeking protection bears the burden of showing that specific prejudice or harm will result if no protective order is granted." *Cedano*, No. CV-10-237-HZ at 11. Since the Defendant has not articulated a specific, concrete injury, the Court should not prohibit a deposition.

Defendant has only argued that a "history of bullying and harass[ment]" justifies preventing a deposition. Over 105 pages of briefing and supplemental documents,[1] all the Defendant has established is that (1) Plaintiff and Defendant disagree on the facts and (2) that Fox and Plaintiff do not like each other. That is far from what is legally required to prevent a deposition.

Fox is a highly trained, armed, twenty-year veteran officer of the Portland Police Department and will likely give testimony that is harmful to the Defendant's position. Decl. of Conroy at 9. It is extremely unreasonable to propose that she be exempted from testifying in a case where she is a material witness.

///

---

[1] Not to forget one unsupported accusation of ethical violations at the informal discovery conference.

PAGE 3 – PLAINTIFF'S BRIEF ON DISCOVERY ISSUES

EMPLOYMENT LAW PROFESSIONALS
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## **PARAMETERS**

Defendant must know that based on the Court's earlier order and the law on this issue that Sara Fox's deposition is inevitable.[2] A cursory look at Defendant's fallback position, the "parameters" reveal that they are unrelated to the harm of "harassment" and "bullying" that Defendant argues. Instead, they are designed to Defendant to hamstring Plaintiff's ability to gather evidence. *See* ECF 68 at 9.

Defendant's summary of resolution attempts omits that counsel for Plaintiff proposed that "[b]oth [counsel] will see whether parties will agree to in-person with attorney but Zoom with [Plaintiff] no picture/sound so [Plaintiff] can listen." Decl. of Conroy, Ex 1 (email summarizing conferral conversation). If Defendant was genuinely interested in preventing "harassment" Defendant would have accepted the solution that kept Fox and Plaintiff out of the same room. While nothing in the FRCP prohibits Plaintiff from attending depositions in her own case, for the sake of avoiding this needless motion practice, Plaintiff potentially would have agreed to the compromise. Decl. of Conroy at 10.

Instead of compromising, Defendant puts forth "parameters" on the deposition that are designed to hamstring the questioning rather than protect a witness. According to Defendant's first parameter, Plaintiff must also be prevented from listening or watching the deposition while it is occurring. Def.'s Brief ISO Mot. for Protective Order at 9. This is a gambit to prevent communication between Plaintiff and her attorney in breaks. In briefing (as in conferral conversations and emails), Defendant has been unable to provide a substantive connection between this parameter and allegations of "harassment" and "bullying." Decl. of Conroy at 12.

Similarly, Defendant has not been able to provide a substantive connection between allegations of harassment and the second parameter. The second proposed 'parameter' is that "Plaintiff's attorney will not ask Officer Fox about anything that occurred after Plaintiff retired from PPB on June 26, 2019." Here, as before, there is no connection to 'harassment.' This

---

[2] If Defendant's counsel had been prepared, this could have been worked out at the informal discovery conference.

PAGE 4 – PLAINTIFF'S BRIEF ON DISCOVERY ISSUES

EMPLOYMENT LAW PROFESSIONALS
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

parameter is connected to Defendant's argument about the merits. ECF 68 ("the [second amended complaint] does not contain any actionable allegations against Officer Fox because most of its allegations … occurred <u>after</u> Plaintiff retired"). The appropriate time for this argument was during the extensive dispute over pleadings, which the Court has already ruled twice on. Plaintiff has alleged retaliation by the Defendant. Even if the conduct after Plaintiff's retirement was not "actionable" it is relevant to establishing a retaliatory animus and within the broad scope of FRCP 26(b).

As to the third 'parameter,' Defendant asks that Plaintiff not be allowed to ask about Fox's relationship with a coworker. Plaintiff has alleged that Plaintiff's whistleblowing complaints related to this relationship resulted in retaliation against Plaintiff. Defendant's various motions to strike and/or dismiss failed to remove this allegation from the operative complaint. *See* ECF 41; ECF 28 at ¶ 100. And Defendant now seeks to re-hash that argument for a third time. Defendant, based on its briefing on this issue, fully intends to ask Plaintiff about her relationships, but believes that Defendant can use the Court to insulate itself from equal treatment.

As to the fourth parameter, that "(4) Plaintiff's attorney will not ask any questions relating to Plaintiff's and Officer Fox's daughter, which includes not asking about the sexual abuses that Plaintiff claims happened to their daughter." Here, Defendant is again disingenuous. Plaintiff has alleged that Defendant retaliated against her for allegations of child abuse. Counsel for Plaintiff proposed that in lieu of the questioning on the issue that Defendant stipulate that (1) Plaintiff made complaints about child abuse and that (2) Plaintiff made the complaints in good faith. Defendant was unwilling to stipulate the second prong and therefore has made questioning on the issue necessary. Decl. of Conroy at 11. Counsel would rather not delve into painful subjects, but must pursue them if they are the subject of litigation.

By way of 105 pages of briefing and supplemental documents, Defendant has only successfully established that Fox and Plaintiff do not like each other. Defendant has not

PAGE 5 – PLAINTIFF'S BRIEF ON DISCOVERY ISSUES

EMPLOYMENT LAW PROFESSIONALS
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

established that concrete harm would be prevented to justify the extraordinary remedy of preventing Fox's deposition altogether. Nor has Defendant established a basis to hamstringing counsel's questioning of Fox by imposing the Defendant's disingenuous parameters.

On a practical note, the Court has already extended fact discovery on several occasions. ECF 52, 61, 64. Because this dispute is costly, time consuming, and unnecessary, Plaintiff preserves her right to pursue attorney fees and costs should Defendant continue to attempt to prevent a legitimate deposition.

## **CONCLUSION**

Because Defendant has failed to meet its burden to show that a specific injury will occur, and because Defendant has failed to articulate how its proposed parameters connect to Defendant's allegations of harassment, the Court should order the Defendant to make Fox available for deposition without conditions.

DATED this 3rd day of July 2024

Respectfully submitted,

**EMPLOYMENT LAW PROFESSIONALS**

By: */s Patrick G. Conroy*
Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Patrick G. Conroy, OSB# 223806
Email: patrick@elpnw.com

20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for Plaintiff

PAGE 6 – PLAINTIFF'S BRIEF ON DISCOVERY ISSUES

EMPLOYMENT LAW PROFESSIONALS
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404