UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LIANI REYNA,

                                                              Case No. 3:21-cv-1839-AR

                            Plaintiff,

                                                              **ORDER**

            v.

CITY OF PORTLAND, *a municipal
corporation*,

                            Defendant.

_____

**ARMISTEAD, Magistrate Judge**

        Plaintiff Liani Reyna, a retired employee of the Portland Police Bureau (PPB), brings this

action against the City of Portland. Following Judge Immergut's ruling on the City's motion to

dismiss Reyna's claims, Reyna has four claims remaining. She alleges that the City

discriminated against her on the basis of whistleblower status in violation of ORS § 659A.199

(Claim 1) and ORS § 659A.203 (Claim 2); that the City discriminated against her on the basis of

sexual orientation in violation of ORS § 659A.030 (Claim 4); and that the City committed quid

Page 1  – OPINION AND ORDER

pro quo sexual harassment and created a quid pro quo hostile work environment in violation of

ORS § 659A.030 (Claim 5).[1]

Now before the court is the City's motion for a protective order. The City asks that Reyna be prohibited from deposing Sara Fox, a current PPB employee and Reyna's ex-wife. In the City's view, Reyna seeks to depose Fox only to "continu[e] her documented history of harassing and bullying Officer Fox." (City's Mot. at 2, ECF No. 68 (emphasis omitted).) The City argues that the history between Reyna and Fox, including disciplinary action against Reyna for her conduct towards Fox, is good cause to disallow Reyna from deposing Fox. (*Id.* at 5-7.) Further, it contends that Fox's deposition is unnecessary and disproportionate to the needs of the case. (*Id.* at 7-9.) Alternatively, if the court allows Fox's deposition, the City asks that the court impose parameters on that deposition. (*Id.* at 9.)

Reyna argues that the City has not met its burden to show good cause justifying a protective order, and that the proposed parameters have no connection to the City's stated concerns. (Pl.'s Br. at 4, ECF No. 71.) The court finds that the City has not met its burden under Federal Rule of Civil Procedure 26(c) to show good cause why Fox's deposition should be disallowed, or to justify most of the proposed parameters.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), discovery is limited in scope to materials that are both relevant to the issues in the case and proportionate to need. To be permissible, discovery must be "relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1).

---

[1]    Judge Immergut dismissed Reyna's claim under ORS § 659A.230 for employment discrimination for initiating or aiding in criminal or civil proceedings (Claim 3), as well as the federal law portion of Claim 4.

"Relevance for purposes of discovery is defined very broadly." *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998); *see also V5 Techs. V. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

Rule 26(c) permits the court, with good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). "[T]o establish good cause for issuance of a protective order, the party seeking protection bears the burden of showing that specific prejudice or harm will result if no protective order is granted." *Cedano v. Thrifty Payless, Inc.*, Case No. CV-10-237-HZ, 2011 WL 8609402, at *3 (D. Or. May 9, 2011) (citing *Beckman Indus. v. Int'l Ins.,* 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 23(c) test.")). "Absent extraordinary circumstances, it is rare for a court to disallow the taking of a deposition." *Hunt v. Continental Cas. Co.*, Case No. 13-cv-05966-HSG, 2015 WL 1518067, at *1 (N.D. Cal. April 3, 2015); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("[A] strong showing is required before a party will be denied entirely the right to take a deposition." (quotation marks omitted)).

## DISCUSSION

### A.    *Whether to Allow Deposition*

The City asks the court to disallow Fox's deposition on two bases: (1) it's a ploy to harass and bully Fox, and (2) the deposition is unnecessary and disproportionate to the needs of the case. (Def.'s Mot. at 3-9.)

### 1.    Bullying and Harassment

In the City's view, "[t]his lawsuit stems from and is mainly motivated by [Reyna]'s

disapproval and hatred of [Fox's relationship with Moore]." (Def.'s Mot. at 2.) Based on Reyna and Fox's contentious history, the court understands the City's concern about protecting its employee from harassment. Yet the court does not have any reason to believe that Reyna's counsel seeks to depose Fox for the purpose of harassing Fox at Reyna's direction. And, the court does not find that the City has met its burden to demonstrate specific harm or prejudice that will result if Fox is deposed. The City apparently expects Reyna's counsel to use the deposition to harass Fox, rather than to gain information relevant to the claims and defenses in this case. But the City provides no evidence or argument suggesting that Reyna's counsel has abused the discovery process during this litigation, and the court will not assume that he intends to do so now.

### 2.    Proportionality

Alternatively, the City asks that the court disallow Fox's deposition because it is unnecessary and because Fox does not have any relevant testimony to provide. That is so, the City explains, because Reyna has already scheduled depositions of other PPB employees who "would have better and more direct knowledge" about Reyna's claims, because it is the City's conduct at issue, and because *most* of the allegations relating to Fox occurred after Reyna's retirement. (Def.'s Mot. at 8.) The court finds the City's arguments unavailing. The City has not shown Fox's deposition would be particularly burdensome. That Fox's conduct is not actionable, or that another witness might have "better" knowledge of the actionable conduct, does not make Fox's testimony irrelevant or disproportional to the needs of the case. As Reyna explains (and the City does not dispute), Fox is a percipient witness to much of the conduct complained of, including the City's handling of complaints made by and against Reyna.

Page 4  – OPINION AND ORDER

**B.**      *The City's Proposed Parameters*

If the court allows Fox's deposition, the City seeks four parameters to place on that

deposition.

*First*, the City proposes that Reyna should neither attend Fox's in-person deposition nor

be allowed to watch the deposition remotely. (Mot. at 9.) The City has identified no reason why

Reyna should not be allowed to observe the deposition remotely, and the court agrees with

Reyna that there is no apparent connection between this parameter and the City's stated concerns

of bullying and disproportionality. But the court finds that the contentious history between Reyna

and Fox is good cause to impose the parameter that Reyna not be physically present at Fox's in-

person deposition and that she be on mute except when speaking privately with her attorney.

*Second*, the City asks that Reyna's attorney be prohibited from "ask[ing] Officer Fox

about anything that occurred after [Reyna] retired from PPB," unless it relates to an IA/IPR

complaint that Reyna made before retiring. (Mot. at 9.) But the court agrees with Reyna that,

even if conduct after Reyna's retirement is not actionable, it is relevant to establishing retaliatory

animus and within the scope of discovery under Rule 26(b).

*Third* and *fourth*, the City asks that Reyna's attorney be prohibited from asking Officer

Fox any questions about her relationship with Officer Moore or about Reyna and Fox's child

(including abuse allegations made by Reyna). Because there are many questions about Fox and

Moore's relationship, and about Fox and Reyna's child, that would not be relevant here, they are

not within the permissible scope of discovery under Rule 26(b). But, Reyna's theory of the case,

in part, is that complaints made by her were treated differently than complaints made by others

against her. (*See, e.g.*, Compl. ¶¶ 31-43, 92-93, 96-100, 113-114; Def.'s Mot. at 8.) Questions

about Fox's relationship with Moore or about Fox and Reyna's child are relevant to the extent those questions relate to the factual bases for allegations, investigation and handling, or result of any of the complaints or reports alleged (before or after Reyna retired). Reyna does not argue that questions about those two topics are relevant except as they relate to complaints made by or against Reyna. (*See* Pl.'s Br. at 5.) Accordingly, questions about Fox and Moore's relationship or about Fox and Reyna's child that have no relation to the complaints alleged are off-limits to Reyna's counsel at the deposition.

## CONCLUSION

For the above reasons, the City's motion for a protective order is GRANTED IN PART and DENIED IN PART. The City is ORDERED to make Fox available for a deposition, subject only to the conditions described above.

*DATED:* July 19, 2024.


_____/s/ Jeff Armistead____
JEFF ARMISTEAD
United States Magistrate Judge