UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| LIANI REYNA, | Case No. 3:21-cv-1839-AR |
| Plaintiff, | **ORDER** |
| v. | |
| CITY OF PORTLAND, *a municipal corporation*, | |
| Defendant. | |

**ARMISTEAD, Magistrate Judge**

    Liani Reyna, a retired employee of the Portland Police Bureau (PPB), brings this action against the City of Portland. Following Judge Immergut's ruling on the City's motion to dismiss Reyna's claims, Reyna has four claims remaining. She alleges that the City discriminated against her on the basis of whistleblower status in violation of ORS § 659A.199 (Claim 1) and ORS § 659A.203 (Claim 2); that the City discriminated against her on the basis of sexual orientation in violation of ORS § 659A.030 (Claim 4); and that the City committed *quid pro quo* sexual

Page 1 – OPINION AND ORDER

harassment and created a *quid pro quo* hostile work environment in violation of ORS § 659A.030 (Claim 5).[1]

The court now considers the City's motion for an extension of time. In this Order, the court (1) grants the City's motion for an extension of time, (2) outlines issues that the parties need to address in their briefing on the City's Motions for Judgment on the Pleadings and Summary Judgment (ECF No. 92), and (3) orders the City to pay Reyna's attorney fees for the time Reyna's counsel spent researching and responding to the City's Motion for an Extension of Time.

A.   *Brief Procedural History and the City's Motion for Extension of Time*

On November 22, 2024, the City filed a motion to extend the dispositive motions deadline from November 27, 2024, to December 20, 2024. (ECF No. 84.) Reyna opposed the City's motion, in part because extending the dispositive motion deadline would require moving the trial date, which was scheduled for April 1, 2025. (ECF No. 86.)

The court held a status conference by phone on December 10 to discuss the City's request for an extension of time. To ensure that all parties had enough time to adequately brief any dispositive issues, the court granted the City's request for an extension of the dispositive motions deadline, and also extended Reyna's time to respond to dispositive motions (from three weeks to four weeks). (ECF No. 91.) To accommodate the extension of time, the court rescheduled both

---

[1]   Judge Immergut dismissed Reyna's claim under ORS § 659A.230 for employment discrimination for initiating or aiding in criminal or civil proceedings (Claim 3), as well as the federal law portion of Claim 4. Further, Reyna resides in Florida, and with the amount in controversy alleged by her, the court has diversity subject matter jurisdiction on her remaining state law claims. 28 U.S.C. § 1332.

Page 2 – OPINION AND ORDER

the pretrial conference and trial, with trial now set to begin on May 6, 2025. The court stated in its December 10 Order that the new dates were "all firm deadlines." (ECF No. 91.)

When the December 20 deadline arrived, the City did not file dispositive motions. Yet a week later, on December 27, the City filed motions for judgment on the pleadings and for summary judgment. (ECF No. 92.) And on December 30, the City filed a motion for extension of time, asking the court to accept the untimely dispositive motions. (ECF No. 95.)

The court scheduled a phone call with the parties to discuss the City's December 30 motion for extension of time. At first, Reyna's counsel represented that Reyna would oppose the motion for extension of time and argued that the court should deny the City's request for an extension of time under the four-factor test for excusable neglect. After further discussion, however, Reyna's counsel agreed that all parties would benefit from clarifying and narrowing the issues for trial, and represented that Reyna would not oppose the court's acceptance of the City's late-filed dispositive motions. Accordingly, the City's Motion for Extension of Time (ECF No. 95) is GRANTED. As proposed by the City (ECF No. 95 at 6), to avoid prejudicing Reyna or delaying trial, the court will extend Reyna's time to file her response by one week, but will keep the currently set deadline for the City's reply—meaning that the City will have only one week after Reyna's response is due to file its reply.

B.      *Issues to be Addressed in Dispositive Motion Briefing*

The court has reviewed the City's Motions for Judgment on the Pleadings and Summary Judgment, and to ensure that the parties' briefing is helpful to the court and that the issues in this case are properly narrowed before trial, the court has identified issues it needs the parties to address in the remaining briefing on the City's dispositive motions. Those issues are outlined

Page 3 – OPINION AND ORDER

below, but the outline is not exhaustive of the issues that the parties must address, and failure to respond to arguments made by the opposing party may be treated as a concession of that argument on the merits.

Also, Reyna has many factual allegations set out in her operative complaint. It is not obvious to the court what factual allegations support plaintiff's legal claims and the elements needed to prove them. In the course of responding to the City's motions, she must identify for each claim the elements needed to prove them, tie those elements to specific factual allegations, and point to evidence supporting each claim and their elements (including showing that she can establish a *prima facie* case for each claim).

1. **Regarding Both Dispositive Motions**

First, to the extent that any of the below issues or other arguments raised in the City's dispositive motions require interpretation of Oregon statutes, the parties must analyze those issues under the framework for statutory interpretation set out in *State v. Gaines*, 346 Or. 160, 171-73 (2009).

Second, if Reyna disagrees with the City's assessment of the "actionable time period" during which the alleged adverse employment actions must have occurred in order to support liability, including that any adverse employment actions taken after Reyna retired are not actionable, Reyna will explain her view of the actionable time period for each claim, and provide authority supporting her position.

2. **Motion for Judgment on the Pleadings (Claims 1 and 2)**

To survive the City's motion for judgment on the pleadings, Reyna's response must specifically identify (for each claim) the alleged protected activities that she engaged in, the

Page 4 – OPINION AND ORDER

alleged adverse employment actions she suffered (specifying the date of the action and whether it occurred before or after she retired from PPB), and the factual allegations supporting the reasonable inference of a causal link between the protected activity and the adverse employment action.

Regarding her claim under ORS § 659A.199, she must point to her allegations of reports of information that she believed was evidence of a violation of state or federal law, rule, or regulation. That is, reports regarding violations of PPB or City policies will not suffice to satisfy the first element of her claim under ORS § 659A.199. Reyna must also identify the allegations from which the court can infer that she made each report in good faith.

As for ORS § 659A.203, disclosures of violations of *local* law, rule, or regulation (as well as violations of state or federal law) do suffice to meet the protected activity element. Even so, **both parties** must brief whether Reyna's allegations related to violations of City or PPB policies constitute violations of local law, rule, or regulation under ORS § 659A.203. Reyna must also identify allegations from which the court can infer that Reyna "reasonably believe[d]" that each disclosure alleged to constitute a protected activity under ORS § 659A.203 was evidence of a violation of federal, state, or local law, rule or regulation.

**Both parties** should address whether Reyna's *whistleblowing activities* need have occurred "within the actionable time period," as the City argues in its motion (ECF No. 92 at 22), or whether it is enough that the alleged adverse employment actions occurred within that timeframe.

In addition, **both parties** should brief the scope of qualifying "adverse employment actions" under ORS § 659A.199 and ORS § 659A.203. For claims under Title VII and ORS

Page 5 – OPINION AND ORDER

§ 659A.030, the meaning of "adverse employment action" is broader in the retaliation context than in the disparate treatment context. In the retaliation context, "adverse employment action" under those statutes includes any action that is "reasonably likely to deter [an employee] from engaging in protected activity." *Coszalter v. City of Salem*, 320 F.3d 968, 976 (9th Cir. 2002). The parties should identify any case law addressing what qualifies as an adverse employment action under ORS § 659A.199 and ORS § 659A.203, in addition to any statutory interpretation arguments the parties would like to make.

    **3.**    **Motion for Summary Judgment (All Claims)**

As to each claim, Reyna must provide evidence showing that she will be able to establish her *prima facie* case. For her retaliation claims, she must provide evidence showing that she engaged in the alleged protected activity, that she suffered the alleged qualifying adverse employment action, and that there was a causal link between the protected activity and the adverse employment action.

As to her claim that she was not promoted because of sexual orientation discrimination (Claim 4), she must provide evidence showing that she was qualified for her position and that similarly situated individuals outside her protected class were treated more favorably, or she must provide direct evidence of discriminatory intent. And, if Reyna contends that the City's proffered reason for not promoting her (her score on the lieutenant's assessment) is pretext, she must provide some evidence supporting that assertion.

Additionally, as to her claim for *quid pro quo* sexual harassment and *quid pro quo* hostile work environment (Claim 5), Reyna must provide evidence supporting the theory that PPB linked *her* employment benefits to the performance, acceptance, or rejection of sexual favors.

C.     *Attorney Fees*

Federal Rule of Civil Procedure 16(f)(1) permits the court on its own motion to "issue any just orders" if a party or attorney "fails to obey a scheduling or other pretrial order." And under Rule 16(f)(2), the court must order a party or its attorney "to pay reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."

Reyna's attorneys spent several hours researching and responding (orally) to the City's untimely request for an extension of time to file dispositive motions. That work was only necessary because the City failed to file its dispositive motions by the previously set firm deadline of December 20. Although the City provided an explanation for its failure to timely file its dispositive motions, the court does not find that any of the reasons offered "substantially justif[y]" the City's noncompliance with the court's scheduling order. Given the circumstances here, including that the court had already granted an opposed motion for extension of the dispositive motions deadline, and in doing so made clear that the new deadline was "firm," the court concludes that it is just to order that the City pay Reyna's counsel's attorney fees for the time her attorneys spent researching and responding to the City's most recent motion for an extension of time.

During the December 31, 2024 status conference, Reyna's counsel represented that Randy Harvey spent a half hour in responding to the City's motion (by appearing on the call), that Patrick Conroy spent five hours in researching and responding to the City's motion, and that Andrew Mittendorf spent one hour researching the City's motion. Harvey bills $450 per hour,

while Conroy and Mittendorf bill $340 per hour. Accordingly, the court ORDERS that the City pay Reyna's counsel's law firm $2,265.[2]

The City's failure to meet the case's remaining deadlines will result in monetary sanctions. The court, however, anticipates that that will be unnecessary because it expects the City to staff and defend this case—as is usual with complex employment cases in this district—with more than one attorney.

## CONCLUSION

For the above reasons, the City's motion for an extension of time to file dispositive motions is GRANTED. Reyna's Response to the City's Motions is due January 24, 2025. The City's Reply remains due January 31, 2025. The City is ORDERED to pay Reyna's attorneys $2,265 within 30 days of this Order.

**DATED: January 2, 2025.**

_____
JEFF ARMISTEAD
United States Magistrate Judge

---

[2] $450 x 0.5 = $225 (Harvey's time)
$340 x 5 = $1700 ( Conroy's time)
$340 x 1 = $340 (Mittendorf's time)
$225 + $1700 + $340 = $2,265 (total time)