UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LIANI REYNA,

                Plaintiff,

v.

CITY OF PORTLAND, *a municipal corporation*,

                Defendant.

Case No. 3:21-cv-01839-AR

**OPINION AND ORDER**

**ARMISTEAD, United States Magistrate Judge**

      As relevant to this motion, Reyna brings two whistleblower retaliation claims against the City of Portland, under ORS § 659A.199 (Claim 1) and ORS § 659A.203 (Claim 2). (Second Am. Compl. (Compl.), ECF No. 28.) In December 2024, the City filed a combined motion for judgment on the pleadings and summary judgment. (ECF No. 92.) On both motions, the City sought to dismiss Claims 1 and 2 in their entirety. (*Id.* at 7-8, 25-26, 29-32; *see also id.* at 36

Page 1 – OPINION AND ORDER
*Reyna v. City of Portland,* 3:21-cv-01839-AR

(asking the court to "enter judgment in the City's favor on the entirety of [Reyna's] [operative complaint]").)

On March 7, 2024, the court granted the City summary judgment on Claims 1 and 2, except to the extent those claims were based on the theory that the City compelled Reyna to participate in an interview in May 2019 because she filed a tort claim notice in March 2019. (Opinion and Order, ECF No. 113.)

Reyna now asks for reconsideration or clarification of the court's Opinion and Order under Federal Rule of Civil Procedure 60(b).¹ That Rule allows a court to relieve a party from an earlier order because of "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." FED. R. CIV. P. 60(b)(1), (6). She contends that she should be allowed to proceed on Claims 1 and 2 under a constructive discharge theory—that is, on the theory that the City's retaliatory conduct forced her to retire early. For the reasons explained below, Reyna's motion is DENIED.

A.   *Notice of Need to Present Evidence Regarding Constructive Discharge Claim*

Reyna appears to contend in her motion for reconsideration that she was not on notice that she needed to provide evidence regarding constructive discharge to survive summary judgment as to that claim. (Pl.'s Mot. at 3, ECF No. 116 (quoting the City's motion, and contending that the City did not make "an argument about sufficiency of constructive discharge").) That argument is unavailing for two reasons.

---

¹    Reyna brings her motion under both Rule 60 and Rule 59(e). The court agrees with the City that its earlier order (ECF No. 113) is not a final judgment and a motion under Rule 59(e) is therefore inappropriate.

Page 2 – OPINION AND ORDER
*Reyna v. City of Portland*, 3:21-cv-01839-AR

*First*, the City moved for judgment against Reyna's claims in their entirety, and argued that she had neither alleged sufficient facts nor could she provide sufficient evidence to support *any* claim under ORS § 659A.199 or ORS § 659A.203.

*Second*, the court explicitly told Reyna that she must point to both her allegations and evidence supporting *each* claim in her response to the City's combined dispositive motion. During the status conference on December 31, 2024, the court informed Reyna that, whether through the court's own motion or in resolving the City's combined dispositive motion, the court required clarification of Reyna's claims before trial, because Reyna's theories on each claim remained unclear. (ECF No. 97.) Reyna agreed that all parties would benefit from narrowing or clarifying her claims before trial. The court told both parties during that status conference that its forthcoming order would outline issues to be addressed in the remaining briefing on the City's dispositive motions. That order, issued on January 2, 2025, instructed Reyna:

> In the course of responding to the City's motions, [Reyna] **must** identify for **each claim** the **elements** needed to prove them, tie those elements to specific factual **allegations**, and point to **evidence** supporting each claim and their elements (including showing that she can establish a *prima facie* case for each claim).

(ECF No. 98 at 3 (emphasis added).) Later in the Order, the court instructed Reyna, regarding Claims 1 and 2, that she "must provide evidence showing that she engaged in the alleged protected activity, that she suffered the alleged qualifying adverse employment action, and that there was a causal link between the protected activity and the adverse employment action." (*Id.* at 6.)

In sum, Reyna was on notice that, if she sought to bring a constructive discharge claim as part of Claims 1 and 2, she needed to provide evidence supporting that theory.

**2.     Merits of Reyna's Constructive Discharge Claim**

Reyna contends that the record before the court on summary judgment supports her constructive discharge claim. She points to four categories of evidence: (1) investigations into Reyna's personal life, (2) "stonewalling" of her complaints, (3) evidence showing that Reyna's decision to move to Florida was distinct from her decision to retire, and (4) evidence of harassment by individual officers.

Regarding the "long string of intrusive investigations into [Reyna's] personal life" (Pl.'s Mot. at 4), Reyna acknowledges that the court has already considered the evidence regarding those investigations. Although she characterizes those investigations as "intrusive" and as evidence of intolerable working conditions, she leaves out that two of the investigations into her personal life were initiated by her own complaints. And she fails to point to evidence suggesting that the City would have investigated any of the complaints differently absent her protected activities.

She also contends that the City "stonewall[ed]" her complaints, pointing to (1) her testimony that, after the Citizen Review Committee (CRC) released its report *in 2020*, PPB should have, but failed to, complete an investigation related to that report within 10 days, and (2) her deposition statements that the City "stonewalled" her complaints against Fox and Moore. (Pl.'s Mot. at 4 (citing First Reyna Dep. at 77:13-81:08).) As to the investigation regarding the CRC report, she provides no convincing argument as to how that delay, which occurred after Reyna had already retired, is evidence of "intolerable working conditions" during her employment. (*Id.*) As to her deposition testimony that the City "stonewalled" her complaints, those assertions are conclusory and unsupported by the record. And her assurance that she "can

provide testimony on stonewalled complaints" is insufficient to establish a genuine issue for trial. *See* FED. R. CIV. P. 56(c); *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

Reyna also appears to contend that the court's earlier Opinion and Order conflated Reyna's decision to retire with her decision to move to Florida. She states that "the Court recognized [Reyna] said her ex-wife 'forced [her] to retire' by moving to Florida," but points out that Reyna's decisions to retire and move to Florida "were distinct." (Pl.'s Mot. at 4.) Even assuming that the two decisions (to retire and to move to Florida) were completely unrelated, that would not alter the court's analysis. Although the Opinion and Order noted the City's arguments regarding Reyna's move to Florida (ECF No. 113 at 36), the court relied on Reyna's testimony about her reasons for *retiring* in concluding that she would be unable to show that the City's retaliatory actions forced her to retire. (*Id.* at 37; Second Reyna Dep. at 261:14 ("Sara Fox forced me *to retire*."); *id.* at 261:18-24 ("Sara Fox withheld my child . . . I had to call local law enforcement . . . I had to notify my lieutenant . . . and [she] was going to have to report it up the chain of command. And that caused *my retirement*."); *id.* at 262:02-09 ("[I]t was my belief that the bureau was then going to retaliate against me for reporting to the law enforcement agency against Sara Fox. . . . [That] forced me to *quit my job*.") (emphases added).)

Finally, Reyna points to statements by other officers who asked her when she was going to retire. Reyna is correct that, despite not being adverse employment actions themselves, those statements may be evidence of intolerable working conditions, supporting a constructive discharge claim. But, even considering those statements together with other evidence of

Page 5 – OPINION AND ORDER
*Reyna v. City of Portland*, 3:21-cv-01839-AR

retaliatory conduct in the record (including the May 2019 interview), Reyna's evidence still falls far short of showing the frequency or severity of retaliatory conduct needed to allow a reasonable jury to conclude that "a reasonable person would have felt compelled to resign" because of that conduct. *Penn. State Police v. Suders*, 542 U.S. 129, 146-47 (2004) (explaining that a constructive discharge claim requires "something more" than a hostile work environment claim, which itself requires "severe or pervasive" behavior); *see also McGanty v. Staudenraus*, 321 Or. 532, 551-57 (1995) (adopting objective standard for constructive discharge).

## CONCLUSION

Reyna's motion for reconsideration is DENIED. Reyna has failed to identify sufficient evidence to allow a reasonable jury to conclude that she was she was forced to retire by the City's retaliatory conduct. At trial, she will be limited to seeking damages for the compelled interview in May 2019.

DATED: March 24, 2025

_____
JEFF ARMISTEAD
United States Magistrate Judge